No. 19,765.

HERBERT E. HICKS *v.* PEOPLE OF THE STATE OF COLORADO.
(364 P. [2d] 877)

Decided September 18, 1961.

Mr. EDWARD B. ALMON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to by name or as defendant, seeks reversal of a judgment of the Superior Court of the City and County of Denver entered upon a verdict finding him guilty of the offense of driving a motor vehicle while under the influence of intoxicating liquor.

The questions we are called upon to determine are: (1) Whether the defendant was entitled "to be set at liberty" for the reason that the case was not tried in the Superior Court until more than two terms of court had expired following the docketing of the cause in said court on appeal from the municipal court; and (2) whether the constitutional right of the defendant to a "speedy trial" was denied.

For a clear understanding of the precise questions presented we set forth in chronological order the events which occurred, as follows:

July 20, 1959 — Complaint filed in the Denver Municipal Court.

July 21, 1959 — Defendant released on bond.

November 10, 1959 — Defendant convicted following trial in Municipal Court.

November 17, 1959 — Appeal bond filed.

November 23, 1959 — Case docketed in Superior Court.

December 1, 1960 — More than two full terms of court have passed since the Superior Court acquired jurisdiction, and defendant filed his motion to dismiss for failure to prosecute.

January 5, 1961 — Motion to dismiss is denied.

January 18, 1961 — Over objection of defendant the case was tried in the Superior Court resulting in judgment of guilt and the imposition of sentence.

Defendant's counsel relies for reversal upon C.R.S. '53, 39-7-12, which reads as follows:

"If any person shall be committed for any criminal or supposed criminal matter, and not admitted to bail, and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, unless the delay shall have been on the application of the prisoner. If such court at the second term shall be satisfied that due exertions have been made to procure the evidence for and on behalf of the people, and that there are reasonable grounds to believe that such evidence may be procured at the third term, they shall have power to continue such case until the third term. In computing the terms, the term of court at which the indictment is presented, or the information filed, shall not be included."

He also asserts that by reason of the delay in bringing him to trial in the Superior Court, defendant was denied his right to a "speedy public trial" guaranteed by Article II, Section 16, of the Constitution of Colorado.

The pertinent facts giving rise to the questions argued in this court are stipulated and include the following:

" * * * the said appeal was perfected and the Superior Court acquired jurisdiction of the matter on November 23, 1959. The case was not tried in the Superior Court until January 17, 1961. In the intervening period of time

from November 23, 1959, to January 17, 1961, the case was set for trial on several occasions and then said trial dates were either vacated on the Court's own motion or continued at the request of the office of the District Attorney. At no time did the plaintiff in error request a continuance but, in fact, was present each time the case was to be tried and was ready, willing and able on all of the aforementioned occasions to proceed to trial."

The attorney general argues three grounds for affirmance of the judgment as follows:

1. That the statute relied upon by defendant is inapplicable for the reason that following the appeal to the Superior Court he was at all times on bail.

2. Defendant never demanded a trial and since he did not do so his right to a speedy trial was waived.

3. Defendant had already received a speedy trial in the municipal court and any objectionable delay was in connection with a second trial on appeal to the Superior Court.

With reference to point one above, it is sufficient to say that the statute relied on (C.R.S. '53, 39-7-12) cannot be effective to place any limitation upon the constitutional right of an accused person to have a "speedy public trial." In the instant case the trial was had, over defendant's objection, in the fourth term of court following the assumption of jurisdiction and after a delay of fourteen months. We think the following language of this court in *In Re Miller,* 66 Colo. 261, 180 Pac. 749, is applicable:

" * * * No explanation or reason is given for such delay. Neither is there any justification offered for the delay in setting the case for trial, or explanation, reasonable or otherwise, for vacating the trial order after the case had once been set down for trial. * * *

"The question is therefore whether this unseemly delay in bringing the accused to trial can be held to be reasonable. It appears that the defendant was at all

times not only ready, but willing and anxious to proceed with his defense, and that he was in no way responsible for any delay which has postponed a final disposition of the cause. * * *

" * * * The fact that he was at large under bond manifestly does not divest him of the right to that speedy trial which is guaranteed by the constitution, and regardless of the statute he is in any event clearly within section 16, Article II, of the constitution, and under the facts disclosed entitled to the relief prayed."

With reference to point two above, notwithstanding the holdings of courts of last resort in other jurisdictions to the contrary, this court has clearly indicated that the defendant is not under a duty to demand trial within any specific time before he can claim the protection of a mandatory provision of the constitution which says that he "shall have the right * * * to a speedy public trial * * *." As said in *In Re Miller,* supra:

" * * * There is no attempt to justify or explain the delay and we must conclude that none is possible. It was distinctively the duty of the prosecution to move in the matter. * * * "

In the case entitled *In Re Schechtel,* 103 Colo. 77, 82 P. (2d) 762, this court said, inter alia:

" * * * we proceed upon the assumption, although we do not, however, so decide, that the petitioner's right to a trial was at no time dependent upon his demand therefor. * * * "

Language of similar import will be found in *Grandbouche v. People,* 104 Colo. 175, 89 P. (2d) 577, and in *Rude v. People,* 44 Colo. 384, 99 Pac. 317. The attorney general frankly urges us to adopt what he asserts to be a better reasoned rule "in now deciding the specific question left undecided in the *Schechtel* case, and in so doing to overrule any seemingly contrary language in *Rude v. People,* 44 Colo. 384, 99 P. 317, and *Grandbouche v. People,* supra." The question left undecided by the language

used in the *Schechtel* case is now decided. We hold that the constitutional right of an accused to a speedy public trial is not waived by inaction on the part of the accused. Affirmative action on his part, such as an express consent to delay or a request therefor, is necessary to constitute such waiver.

The third point argued by the attorney general is one on which the authorities are in disagreement. However, the point has been set at rest in this jurisdiction by the opinion in *Rude v. People,* supra, written by Mr. Justice Campbell, in which the discharge of an accused was ordered because of delay in the prosecution of a trial de novo in the county court following a "first trial" before a justice of the peace. The question raised by the third point in the attorney general's argument is therefore stare decisis in this jurisdiction. In the interest of stable law we elect to follow that decision.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE DOYLE not participating.