### No. 24941

Charles R. Hardamon, individually and on behalf of all other persons similarly situated v. The Municipal Court in and for the City of Boulder, Colorado, and Richard F. Hansen, Municipal Judge

### No. 24963

Municipal Court in and for the City of Boulder, Colorado, and Richard F. Hansen, Municipal Judge v. Charles R. Hardamon, individually and on behalf of all other persons similarly situated

(497 P.2d 1000)

Decided May 15, 1972.                    Rehearing denied June 5, 1972.

William M. Cohen, for Charles R. Hardamon, individually and on behalf of all other persons similarly situated.

Walter L. Wagenhals, City Attorney, City of Boulder, Lawrence C. Rider, Assistant, for The Municipal Court in and for the City of Boulder, Colorado, and Richard F. Hansen, Municipal Judge.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This consolidated appeal involves the applicability of Chapter 44 of Session Laws of Colorado of 1970 to home rule cities. This Act grants jury trials to all defendants charged with petty offenses, defined as those offenses punishable by imprisonment for not more than six months or by a fine of not more than five hundred dollars, or both such imprisonment and fine, including violations of municipal ordinances or offenses which were not considered a crime at common law.[1] The Act amends 1969 Perm. Supp., C.R.S. 1963, 37-22-1(1), concerning Municipal Courts, by addition

---

[1] The legislative definition of petty offense corresponds with that adopted by this Court in *Austin v. Denver,* 170 Colo. 448, 462 P.2d 600. *See also, Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437, decided June 22, 1970, after *Austin, supra,* where the Supreme Court of the United States placed a maximum limit on a sentence for a petty offense at six months.

of the following declaration:

"(b) The general assembly finds that the right to a trial by jury for petty offenses is of vital concern to all of the people of the state of Colorado and that the interests of the state as a whole are so great that it retain sole legislative jurisdiction over the matter, which is hereby declared to be of *statewide concern.*" (Emphasis added.)

The provisions of the foregoing Act are in direct conflict with Section 87 of the Charter of the City of Boulder concerning the police courts, which provides:

"Said police court shall have exclusive original jurisdiction to hear, try and determine all charges of misdemeanor as declared by this charter, and all cause arising under any of the ordinances of the city for a violation thereof. *There shall be no trial by jury* and there shall be no change of venue from said court." (Emphasis added.)

Charles R. Hardamon was charged in the Boulder Municipal Court with the traffic offense of "Following Too Closely," Section 20-107, Revised Code of the City of Boulder. He pleaded not guilty, and submitted a written demand for a jury trial as required by the foregoing Act. The municipal court denied his jury request, ruling that the right to a jury in the Boulder Municipal Court was a matter of local concern and that the charter provision denying a jury trial was controlling over the statute under consideration.

Hardamon filed his complaint in the district court under C.R.C.P. 106, seeking relief in the nature of mandamus or prohibition, for himself and for all other persons similarly situated, praying that the court issue an order staying the proceedings in the municipal court and requiring respondents to show cause why they should not be directed and ordered to grant trials by jury to Hardamon and the class he represented. The district court issued its order in the nature of an alternative writ of mandamus, directing that trials by jury be granted to the petitioners or, in the alternative, that respondents show cause why such right of trial by jury should not be granted. Upon the issues being joined, the matter was submitted to the court on Hardamon's motion for

summary judgment. The court denied the motion for summary judgment and dismissed the proceeding, upholding the ruling of the municipal court. Appeal was then brought to this Court.

Thus, we have squarely presented to us for resolution the question of whether, in cases involving petty offenses, there is a right to a jury trial under Session Laws of Colorado 1970, Chapter 44, in a municipal court of a home rule city whose city charter has expressly denied such right. In other words, is the granting of a jury trial in petty offense cases a matter of statewide concern, or a matter of local and municipal concern the control of which falls within the domain of a home rule city under the authority granted by Article XX of the Colorado Constitution? We disagree with the trial court's judgment that the matter is one of local and municipal concern, and therefore reverse.

In *Austin v. Denver,* 170 Colo. 448, 462 P.2d 600, we held there was no federal or state constitutional right to a jury trial in cases involving petty offenses. Our study failed to reveal any such existing statutory right or any right granted under the charter or ordinances of the City and County of Denver. However, it was clear from this decision that either the general assembly, on a statewide basis, or the legislative body of a home rule city, within its territorial limits, could grant a jury trial in petty offense cases.

Immediately subsequent to our pronouncement in *Austin v. Denver, supra,* the general assembly, in its wisdom, enacted the Act under consideration and declared that the right to jury trials in petty offense cases was of "vital concern" to all of the people of the state and was a matter of "statewide concern." We agree with this declaration and observe that a uniform system of justice throughout all of the courts of the state of Colorado, including municipal and police courts, is of paramount importance to all of the citizens of the state, and tends to promote the achievement of the ideal of equality of justice as expressed in our constitution. We would consider it to be destructive of the concept of equality of justice to grant or deny jury trials in

petty offense cases merely on the basis of where the offense occurred or in what court the guilt or innocence is to be determined. It is illogical and without reason to say that a defendant charged in a state or non-home rule municipal court should be permitted a jury trial, whereas if he is similarly charged in a home rule court he should be denied a jury trial.

■ Conceiving, as we do, that the right to a jury in petty offense cases is a substantive right granted to all of the citizens of the state, without regard to the place where the offense may have occurred or the court in which trial may be held, we find no merit to appellees' argument that home rule cities have the power to deny such a right by reason of the authority constitutionally vested in home rule cities by Section 6(c) of Article XX of the Colorado Constitution. This section empowers home rule cities to legislate upon, provide, regulate, conduct and control the creation of their municipal courts, the definition and regulation of the jurisdiction of the courts, the powers and duties thereof, and the election or appointment of court officers. This constitutional authority, broad as it is concerning the creation, organization and administration of municipal courts, is limited in scope to those aspects of court organization and operation which are local and municipal in nature and does not empower home rule cities to deny substantive rights conferred upon all of the citizens of the state by the general assembly.

■ We do not find it useful or instructive to engage in extended discussion of various applications of the term "local and municipal," as contrasted with the term "statewide," as enunciated by the numerous decisions of this Court. For an erudite discussion of the problems of classification of powers, see Klemme, *The Powers of Home Rule Cities in Colorado,* 36 U. Colo. L. Rev. 321 (1964).[2] We simply say that the

---

[2] We note in passing that it would not change the outcome of this case to engage in a discussion of whether the matter here might be characterized as "mixed," as opposed to strictly "statewide." *Woolver-*

vitality of a substantive right, such as the right to a jury trial, conferred upon all of the citizens of the state by the legislature, should not depend upon the court in which the citizen attempts to exercise it. There exists a compelling need for uniformity in all of our courts in the application of our laws and the observance of rights granted to our citizens. We deem this a cogent reason for characterizing the matter of jury trials to be of statewide concern.

A further consideration compelling this conclusion is that the people, by adoption of the recent amendments to Article VI of our constitution, effective January 12, 1965, directed that uniformity in the application of the general laws be fostered and that the Supreme Court make and promulgate rules governing the administration of all courts and the practice and procedure in civil and criminal cases. Colo. Const. art. VI, § § 19 and 21. It was pursuant to this mandate that Colorado Municipal Court Rules of Procedure were adopted in the interest of establishing uniformity of practice and procedure in all municipal courts. In recognition of the legislative grant of the right to a jury in petty offense cases under the Act here being considered, C.M.C.R. 223 was amended to conform to the requirements of the statute. We are of the opinion that the pronouncement here made is consistent with the philosophy expressed by these constitutional amendments.

The trial court in its findings, in addition to holding the granting of a jury trial a matter of local or municipal concern, found that the matter of jury trials was one of practice and procedure and that under the Colorado Constitution, Article III, relating to the division of powers, only the judiciary and not the general assembly could control the right to jury trials; and for the general assembly to legislate in the field of court practice and procedure would be a violation of Article III. We reject this reasoning, having held the right to a

---

*ton v. Denver,* 146 Colo. 247, 361 P.2d 982. Since strong state interests preclude the matter from being characterized as strictly local, the conflicting home rule ordinance must fall under either characterization.

jury to be substantive and not procedural.

By cross-appeal, respondents-appellees dispute the additional finding of the trial court that the Colorado Municipal Court Rules of Procedure are applicable to home rule municipal courts. We agree with the trial court. As heretofore discussed, Section 21 of Article VI of our constitution provides that:

"The supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases.* * * "

We do not construe this provision to except home rule municipal courts from the operation of the Colorado Municipal Court Rules of Procedure which were adopted pursuant to that constitutional mandate.

The judgment is reversed and cause remanded with directions that the writ of mandamus be made absolute, commanding the respondents-appellees to grant the trial by jury.