Kenyon Battles TOLERTON, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF ARAPAHOE and the Honorable Richard D. Greene, One of the Judges Thereof, Respondents.

No. 81SA67.

Supreme Court of Colorado.

March 23, 1981.

J. Gregory Walta, Colorado State Public Defender, Craig L. Truman, Chief, Deputy State Public Defender, Suzanne Saunders, Deborah S. Waldbaum, Deputy, State Public Defenders, Denver, for petitioner.

Robert R. Gallagher, Jr., Dist. Atty., Jon Hilton, James Sell, William Moody, Deputy Dist. Attys., Littleton, for respondents.

HODGES, Chief Justice.

The petitioner Tolerton is charged with murder in the first-degree in the respondent court. The district attorney has stated that he attends to death qualify the jury and seek the death penalty. The petitioner has filed motions challenging the constitutionality of Colorado's Death Penalty Statute. Section 16–11–401, *et seq.*, C.R.S. 1973 (1980 Supp. to 1978 Repl. Vol. 8). Petitioner has also challenged the constitutionality of the death qualification procedure.

The respondent court has set these motions for hearing and determination before a panel of three district judges of the Eighteenth Judicial District of Colorado. This procedure is challenged by the petition for relief in the nature of prohibition filed by the petitioner Tolerton. We issued a rule requiring the respondent court to show cause why such a procedure should not be prohibited and we now make the rule absolute.

The respondent district court has no authority to set these motions for hearing or for determination by a multi-judge panel. The clear import and obvious intent of sections 13–5–131, 132 and 133, C.R.S. 1973 [1] is to empower a district court judge to rule on such matters only when sitting separately. Section 13–5–133(3) clearly mandates that judges of a district court in a multi-judge district may sit en banc only

1. Section 13–5–131, C.R.S. 1973 provides: In any district court composed of more than one judge, each of the judges shall sit separately for the trial of causes and the transaction of busi-

for the limited purposes set forth in the statute. The purposes set forth in the statute do not include the hearing or determination of motions or the making of decisions, orders, decrees, or judgments in criminal or civil cases filed in the district court.

The statutory predecessors of these statutes had substantially the same language. In *People ex rel. Rucker v. District Court*, 14 Colo. 396, 24 P. 260 (1890), these statutory provisions were interpreted as follows:

"Section 3 of said act provides that the judges may sit in bank for certain specified purposes, and 'for no other purpose whatever.' The language of the act, as well as the manifest object of providing additional judges of the same court, leave no room for construction as to the mode in which the judges are required to sit and transact business. In the trial of causes, and in the hearing and determination of any matter of purely judicial cognizance pending in the district court, each judge must sit and act alone. He must exercise all the powers and functions of the court and assume the full responsibility in the decision of each and every cause, demurrer, motion, and the like, coming before him for adjudication, as if he were the sole judge of said court. Two or more judges, by sitting together, cannot share or divide such responsibility. They cannot thus jointly hear and determine, and render a valid and binding judgment or order in any cause."

We hold that sections 13–5–132, and 133, C.R.S. 1973 have the same meaning as their predecessor statutes and we therefore adopt the same interpretation for them. We rule that the three-judge panel procedure for hearing and determining the motions in this case is invalid and thus prohibited.

The rule to show cause is made absolute.

---

ness, and shall have and exercise all the powers and functions, as well in vacation of court as in term time, which he might have and exercise if he were the sole judge of said court.

Section 13–5–132, C.R.S. 1973 provides: Each court held by the several judges, while sitting separately, shall be known as the district court in and for the county where such court is held, and shall have the same power to vacate or modify its own judgments, decrees, or orders rendered or made while so held, as if the said court were composed of a single judge.

Section 13–5–133, C.R.S. 1973 provides: (1) In any district court composed of more than one judge, the judges may sit en banc at such times as they may determine, for the purpose of making rules of court, the appointment of a clerk and other employees, subject to the provisions of section 13–3–105, and other ministerial duties, subject to the administrative powers

delegated to the chief judge by the chief justice of the supreme court pursuant to section 5(4) of article VI of the state constitution.

(2) Subject to the approval of the chief justice of the supreme court, a district court sitting en banc may make rules:

(a) To facilitate the transaction of business in the courts held by the judges sitting separately; and

(b) To provide for the classification, arrangement, and distribution of the business of the court among the several judges thereof.

(3) Judges of a district court in districts having more than one judge may sit en banc only for the purposes enumerated in this section, and the court so sitting en banc shall have no power to review any order, decision, or proceeding of the court held by any judge sitting separately.