**John Phillip CHRISTIE, Petitioner/Cross–Respondent,**

**v.**

**The PEOPLE of the City of Aurora, by and on Behalf of the STATE OF COLORADO, Respondent/Cross–Petitioner.**

**No. 91SC184.**

Supreme Court of Colorado, En Banc.

Sept. 21, 1992.

Howard H. Fishkin, Aurora, for petitioner/cross-respondent.

Charles H. Richardson, City Atty., Stephen R. Ruddick, Robert Davis Beard, Asst. City Attys., Aurora, for respondent/cross-petitioner.

Kathleen E. Haddock, Denver, for amicus curiae Colorado Mun. League.

James G. Colvin, II, City Atty., Todd P. Roddy, Asst. City Atty., Colorado Springs, for amicus curiae City of Colorado Springs.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari pursuant to C.A.R. 49(a)(1) to review the district court's ruling on appeal in *People of the City of Aurora v. Christie* (No. 90CR693, Arapahoe County, Colorado, February 21, 1991). We affirm.

## I

The People of the City of Aurora (city) charged John Phillip Christie (defendant) with battery in violation of a city ordinance. The city is a home rule city. At his arraignment, the defendant apparently was advised of his rights by means of a videotape. Proceeding *pro se*, the defendant was convicted in a trial to the court. Because of the court's failure to properly advise him before trial of his right to counsel, the trial judge later granted the defendant a new trial to the court. The defendant retained counsel and made a demand for a new trial to a jury and tendered the twenty-five dollar jury fee as required by Colorado Municipal Court Rule 223(a) and section 13–10–114(4), 6A C.R.S. (1987). The trial court found that the defendant had waived his right to a jury trial for failure to submit the prerequisite written demand for a jury trial and to tender the prerequisite twenty-five dollar jury fee within ten days of his initial arraignment. Pursuant to local court rules, however, the trial judge requested a determination of the issue by the municipal court *en banc*.[1]

The *en banc* court noted that as a home rule city, the city could provide penalties for the violation of its municipal ordinances which exceed the maximum penalties otherwise applicable to such violations under section 13–10–113(1).[2] The court found that battery under the city's ordinance was a "serious" offense and not a "petty" offense because the potential penalty for a

---

1. The ability of the municipal court to act *en banc* is not before us and we express no opinion on that question. *See Tolerton v. District Court,* 625 P.2d 1020 (Colo.1981).

2. At the time the battery was committed, the maximum penalties for battery under the city's ordinance were six months imprisonment and a fine of nine hundred and ninety-nine dollars.

conviction thereof exceeded five hundred dollars. The court, construing section 13–10–103, held "that [Article 10 of] Title 13 does not apply to home rule cities *except* for the 'right to trial by jury' for petty offenses provided for in section 16–10–109, CRS." The *en banc* court concluded that the defendant had a substantive right to a jury trial which the city was required to provide without restriction. Upon a motion to reconsider, the court reviewed sections 16–10–101 and –109, 8A C.R.S. (1986 & 1991 Supp.), along with sections 13–10–101 and –114, 6A C.R.S. (1987). In a supplemental order the court concluded that the statutory standards were confusing and "resolv[ed] all doubts in favor of the defendant." The *en banc* court stated that in "guaranteeing the right to a jury trial without restriction on the basis of fundamental fairness and equal protection," it was "not invalidating or declaring unconstitutional any ordinance, statute, or rule of procedure." The matter proceeded to trial to a jury at which the defendant was convicted and sentenced to thirty days in jail (conditionally suspended) and fined one hundred dollars.

The city appealed the *en banc* court's decision to the district court pursuant to section 13–10–116(2). The city argued that the *en banc* court effectively declared unconstitutional the prerequisites to a jury trial provided by section 13–10–114(4) and C.M.C.R. 223(a). The district court agreed and reversed, finding that the *en banc* court's constitutional disclaimer did not alter the result, which was to disapprove the prerequisites to a jury trial not only in the defendant's case but in future cases as well. The district court held that, because the rule and the statute do not distinguish between serious and petty offenses, the *en*

*banc* municipal court erred in finding the prerequisites inapplicable to the defendant's case. Because the Colorado Municipal Court Rules govern the procedure for prosecuting ordinance violations in all municipal courts, as stated in C.M.C.R. 201, the district court ordered that C.M.C.R. 223(a) must be applied, even in municipal courts of home rule cities.

The defendant petitioned and the city cross-petitioned for writ of certiorari pursuant to C.A.R. 49. Both petitions seek a determination of the same issue: whether the prerequisites of a written demand and twenty-five dollar fee for a jury trial in municipal court violate a defendant's right to a jury trial under the state constitution and/or deprive a defendant of equal protection of the laws under the federal constitution. Although the defendant ultimately was tried by a jury, and although the city prevailed in the district court, we granted certiorari because the issue involves constitutional rights and is likely to recur.[3]

## II

Rule 223(a) provides that "[t]rial shall be to the court, unless the defendant is entitled to a jury trial under the constitution, ordinance, charter, or general laws of the state, in which case the defendant shall have a jury." The Rule further provides that the defendant shall have a jury,

if, within ten days after arraignment or entry of a plea, the defendant files with the court a written jury demand and at the same time tenders to that court a jury fee of $25, unless the fee is waived by the judge because of the indigence of the defendant. If the action is dismissed or the defendant is acquitted of the

---

The maximum jail term has since been increased to one year. At the time the battery was committed, the statutory maximums for violating a municipal ordinance, at least in non-home rule cities and towns, were ninety days imprisonment and a fine of three hundred dollars. The statutory maximums are now one year and one thousand dollars. § 13–10–113(1), 6A C.R.S. (1987 & 1992 Supp.).

**3.** *Bestway Disposal v. Public Utilities Commission,* 184 Colo. 428, 431, 520 P.2d 1039, 1040 (1974) (mootness bypassed when the case "involves questions of great public importance; of constitutional rights; and are of a recurring nature"). The Colorado Municipal League and the City of Colorado Springs filed amicus briefs here.

charge, or if the defendant, having paid the jury fee, files with the court at least ten days before the scheduled trial date a written waiver of jury trial, the jury fee shall be refunded. A defendant who fails to file with the court the written jury demand as provided above waives the right to a jury trial.

The same prerequisites to a jury trial in municipal court are provided by section 13–10–114(4), 6A C.R.S. (1987).

The defendant contends that the foregoing prerequisites to a jury trial in municipal court violate his right to a jury trial under the state constitution. Article II, section 16 of the Colorado Constitution provides that "[i]n criminal prosecutions the accused shall have the right to . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." The Colorado Constitution also provides that "[t]he right of trial by jury shall remain inviolate in criminal cases. . . ." Colo. Const. art. II, § 23. We hold that the prerequisites do not violate the defendant's right to a jury trial as guaranteed by the Colorado Constitution.

Before addressing the defendant's claims under the state constitution, we dispose of several preliminary matters. First, the municipal court considered whether battery was a petty offense or a serious offense. The maximum fine for battery under the city's ordinance exceeds the maximum fine set for petty offenses under section 16–10–109(1), 8A C.R.S. (1992 Supp.). Also, section 16–10–109(1) provides that a petty offense includes any offense which was not considered a crime at common law. Battery was considered a crime at common law. *People ex rel. City of Arvada v. Nissen,* 650 P.2d 547, 551 (Colo.1982). Thus, we agree that battery under the city's ordinance cannot be considered a petty offense.[4] As the district court noted,

however, neither Rule 223(a) nor section 13–10–114(4) distinguishes between petty offenses and serious offenses.

■ The classification of crimes as petty or serious determines whether a defendant has a right to a jury trial under the federal or the state constitution. Under that standard, the defendant has a constitutional right to a jury trial. *Austin v. City and County of Denver,* 170 Colo. 448, 454, 462 P.2d 600, 603 (1970) (the trial of serious offenses "should be to a jury as a matter of right under the Colorado Constitution") (relying on *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (under the Sixth and Fourteenth Amendments, states must afford defendants jury trial for serious crimes)). The defendant also enjoys a statutory right to a jury trial. Section 13–10–114(1), 6A C.R.S. (1987), provides that "[i]n any action before municipal court in which the defendant is entitled to a jury trial by the constitution or the general laws of the state, such party shall have a jury upon request. . . ." The classification of battery as a serious offense rather than a petty offense, however, does not determine whether the written demand and the twenty-five dollar fee are permissible prerequisites to the exercise of the constitutional right to a jury trial. The requirements apply to the prosecution of both petty and serious crimes in municipal court.

■ Second, that the city is a home rule city also appeared to be relevant to the *en banc* municipal court. After reviewing "all applicable statutes, rules, and ordinances," the municipal court found that it could not "determine what standards regarding jury trials apply to a home rule city in which the maximum penalty exceeds $500." The municipal court, citing section 13–10–103, concluded that the provisions of article 10 of title 13 do not apply to home rule cities

---

**4.** *See also* § 18–1–107, 8B C.R.S. (1986) (classifying as petty offenses violations of certain state statutes and providing similar maximum penalties of six months imprisonment and a $500.00 fine for such offenses). We note that the lowest degree of assault provided by state statute is a class 1 misdemeanor to which attaches a maximum punishment of two years imprisonment, or a five thousand dollar fine, or both. *See* §§ 18–3–204, 8B C.R.S. (1986), and 18–1–106, 8B C.R.S. (1991 Supp.).

except for the right to trial by jury for petty offenses as provided in section 16–10–109.[5] The municipal court apparently overlooked that part of section 13–10–103 which provides that a home rule city is subject to the rules of procedure promulgated by this court. *See also* § 13–10–112, 6A C.R.S. (1987 & 1992 Supp.). Furthermore, in *Hardamon v. Municipal Court In & For City of Boulder*, we held that section 21 of article VI of the Colorado Constitution, concerning this court's rule-making power, does not "except home rule municipal courts from the operation" of the procedural rules. 178 Colo. 271, 278, 497 P.2d 1000, 1003 (1972). Thus, the prerequisites are also applicable to home rule municipal courts by virtue of Rule 223(a).[6] The fact that the city is a home rule city, therefore, is not significant in this case.[7]

## III

The issue then is whether the prerequisite written demand and the payment of a twenty-five dollar fee impermissibly burden the exercise of the right to a jury trial guaranteed by the state constitution. The defendant claims that because battery is a serious offense there can be no condition precedent to the exercise of the fundamental constitutional right to a trial by jury for such an offense. We disagree. While we can imagine substantive and/or procedural prerequisites which would unduly burden the right to a jury trial, the written demand and fee here are permissible prerequisites to the exercise of that right.

■ We agree that the right to a jury trial is a fundamental right. *People v.*

*Curtis,* 681 P.2d 504, 511 (Colo.1984) (citing *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)); *Rice v. People,* 193 Colo. 270, 271, 565 P.2d 940, 941 (1977). In *Curtis,* we recognized that the waiver of a fundamental right, including the right to a jury trial, must be "voluntary, knowing and intentional." 681 P.2d at 511. In *Rice,* we held that the relinquishment of the right to a jury trial "must be a matter of certainty and not implication." 193 Colo. at 272, 565 P.2d at 941 (note omitted). *Curtis* also stands for the principle that the right to a jury trial is "inherently personal and basic" and that therefore the waiver of the right can only be by the accused. 681 P.2d at 511. Finally, "courts do not presume acquiescence in the loss of fundamental constitutional rights, and therefore indulge every reasonable presumption against waiver." *Id.* at 514. With these principles in mind, we turn first to the constitutionality of the prerequisite written demand for a jury trial and then to the prerequisite fee.

## A

■ Under the Rule, a defendant who "fails to file with the court the written jury demand" within ten days after arraignment or entry of plea thereby waives his right to a jury trial. The Rule thus appears to implicate what has been called the demand-waiver doctrine. In its simplest formulation, the demand-waiver doctrine presumes a waiver of a fundamental right from inaction. The doctrine was described, and rejected as contrary to the right to a speedy trial, by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct.

---

**5.** We acknowledge that home rule cities may by charter or ordinance supersede many of the provisions of article 10 of title 13 by virtue of section 13–10–103, 6A C.R.S. (1987). However, the city has not attempted to supersede section 13–10–114(4).

**6.** Indeed, section 25–3 of the Aurora Code provides that "[t]he municipal court rules of procedure as promulgated by the Colorado Supreme Court, as amended from time to time, shall govern the procedures of the municipal court."

**7.** Because the Rule and the statute do not conflict, it makes no difference whether the Rule conformed to the statute or whether the statute incorporated the Rule. *See Hardamon,* 178 Colo. at 277, 497 P.2d at 1003. Hence, there is no separation of powers issue under article VI, section 21 of the state constitution. *See J.T. v. O'Rourke In and For Tenth Jud. Dist.,* 651 P.2d 407, 410–11 n. 2 (Colo.1982) ("in cases of conflict, the court's procedural rule would necessarily control a procedural statute").

2182, 33 L.Ed.2d 101 (1972). Indeed, *Barker* cites our decision in *Hicks v. People*, 148 Colo. 26, 364 P.2d 877 (1961), as one of eight jurisdictions which has rejected the demand-waiver doctrine. 407 U.S. at 524 n. 21, 92 S.Ct. at 2189 n. 21. In *Hicks*, we held that "the constitutional right of an accused to a speedy public trial is not waived by inaction on the part of the accused." 148 Colo. at 31, 364 P.2d at 880 (construing article II, section 16 of the state constitution).

■ *Hicks*, however, is distinguishable and does not control this case. In *Barker*, the balancing, or totality of the circumstances, test which the Court fashioned to determine whether the constitutional right to a speedy trial has been waived includes "due consideration of any applicable formal procedural rule." 407 U.S. at 529, 92 S.Ct. at 2191. In *Hicks*, there was no applicable procedural rule requiring the defendant to demand a speedy trial or risk waiver of the right. Indeed, the People there were required by statute to prosecute the action within a certain time period or risk dismissal of the action. 148 Colo. at 28, 364 P.2d at 878 (quoting and construing § 39–7–12, C.R.S. (1953)). Here, giving due consideration to the applicable procedural rules, we hold that the "failure" to make the written demand for a jury trial according to the Rule is not an instance of inaction within the meaning of the demand-waiver doctrine which was rejected in *Hicks* and in *Barker*.

The Rule which requires the written demand for a jury trial cannot be considered in isolation from the other applicable rules. Thus, Rule 210 provides that arraignment shall be conducted in open court, that the municipal court shall inform all *pro se* defendants of their rights, including the right to a jury trial, and that the prerequisite written demand and fee for a jury trial shall be made known to the *pro se* defendant. *See* C.M.C.R. 210(a). Absent these advisements, of course, there can be no knowing and intentional waiver by the *pro se* defendant. In the face of such express advisements, however, the *pro se* defendant's "failure" to meet the prerequisites to a jury trial is in fact a conscious "decision" not to exercise his right to a jury trial. *See Curtis*, 681 P.2d at 514 ("A waiver is an intentional relinquishment of a *known* right or privilege.").

■ Although failure to do something is normally considered inaction, there is a significant difference between uninformed inaction which takes place in a vacuum of knowledge (*e.g.*, inaction in the absence of specific instructions by a court according to a formal procedural rule), and informed inaction (*e.g.*, the decision not to meet the prerequisites to the exercise of a fundamental constitutional right explicitly provided by a procedural rule and made known to the defendant according to another rule). In the former case, there is in fact no "decision" not to act; rather, the defendant is unaware that there is an opportunity or a need to act at all. In the latter case, however, there is a "decision" made, namely, the informed decision not to exercise the right to a jury trial and consequently not to make a written demand for such a trial. Given the express advisements by the court, any ensuing inaction is intentional conduct by the defendant indicating to the court that a jury trial has been waived.[8] Because in this context any inaction constitutes intentional conduct, the court is not presuming "acquiescence in the loss of fundamental constitutional rights." *Curtis*, 681 P.2d at 514. Rather, the court is informed that the right has been voluntarily and knowingly waived.

The defendant here initially appeared in municipal court *pro se*. The defendant subsequently retained counsel and then

---

**8.** The right to waive a jury trial is qualified. *See People v. Davis*, 794 P.2d 159, 209–212 (Colo. 1990) ("[o]ur cases demonstrate a broad deference to the legislature with respect to the waiver of the right to a trial by jury"); *People v. District*

*Court of El Paso County*, 731 P.2d 720, 722 (Colo.1987) ("conditioning a waiver of a jury trial on the consent of the prosecution, the court, or both, is reasonable, and the legislature has the power to impose such conditions").

made the requisite demand and tendered the fee for a jury trial. Because the defendant ultimately was tried by a jury, we express no opinion at this time on whether the videotape advisements were constitutionally adequate according to the principles set forth here. We note, however, that the rules do not require the municipal court similarly to instruct a defendant who appears with counsel as to his right to a jury trial and the prerequisites to a jury trial. Where a defendant is represented by counsel, the presumption we do make is that counsel is aware of the court's procedural rules, including the prerequisites for a jury trial. Nonetheless, because the right to a jury trial is a personal right which can be waived only by the defendant, the court still must ascertain whether any "failure" to make the written demand for a jury trial by a defendant with counsel is in fact the informed decision of the defendant. In practice, then, the municipal court at arraignment must ensure that the defendant has been advised of the prerequisites under the Rule. *Cf. Roelker v. People*, 804 P.2d 1336, 1339 (Colo.1991) ("A lower court's determination that a defendant effectively waived his right to testify will ... be upheld if it is supported by competent evidence.").

In sum, whether the defendant appears *pro se* or through counsel, neither the constitutional nor the statutory right to a jury trial requires the presumption that all defendants invariably desire a jury trial. Thus, the prerequisite of a written demand is a simple device which informs the court of the defendant's actual decision to exercise his right to a jury trial, while the lack of a written demand indicates to the court that the right has been knowingly waived. The requisite written demand is no more burdensome to a defendant than is making the decision itself. We thus find no infirmity in the Rule's requirement of a written demand for a trial by jury within ten days of arraignment or plea in municipal court.

## B

■ Turning to the constitutionality of the twenty-five dollar fee for a jury trial, the "failure" to tender the fee can be treated similarly to the decision not to make the written demand as discussed above. In addition, however, we are aware that any *fee* has a substantive dimension. While we acknowledge this material dimension, the mechanics of the fee here nevertheless lead us to the conclusion that it does not constitute an undue burden on the right to a jury trial. Firstly, the fee is not an absolute prerequisite. In cases where the defendant is indigent, the fee is waived by the trial court. Indigent defendants are neither denied the right to a jury trial nor burdened at all by a fee. Secondly, the amount of the fee is nominal. As such, the material burden on a defendant is negligible and does not detract from the vitality of the substantive right to a trial by jury. *See Hardamon*, 178 Colo. at 277, 497 P.2d at 1002. Thirdly, in cases where the defendant is acquitted of the charges, or if those charges are dismissed, the fee is refunded. Because the fee is nominal, a refund after acquittal or dismissal does not constitute even a temporary undue burden.

Both the written demand and the fee foster the legitimate governmental interests of eliminating unjustifiable delay in the disposition of cases in the municipal courts. This in turn fosters the orderly administration of justice. The prerequisites advance these purposes by focusing the defendant's mind on his right to a jury trial in a timely manner, thereby ensuring that the exercise of the right to a jury trial is consciously made and not a product of unreflective response or default. We hold that the prerequisite written demand and the fee do not unduly burden a defendant's right to a jury trial.[9]

## IV

■ The defendant's federal constitutional claim is predicated on the fact that

9. We are aware that at least one other state has decided the issue differently. *State v. Cushing*, 119 N.H. 147, 399 A.2d 297, 298 (1979) (conclud-

ing "that a criminal defendant cannot be required to purchase a jury trial—even for so

had he been haled into county court rather than municipal court for the same offense, he would not have been required to make the written jury demand and to tender the twenty-five dollar jury fee under the statutes and rules governing procedure in county court. The prerequisites, claims the defendant, are a burden and therefore constitute a difference in treatment which is a deprivation of the equal protection of the laws as guaranteed by the Fourteenth Amendment to the federal constitution. We reject the defendant's claims.

We emphasize that neither Rule 223(a) nor the statute denies the defendant or anyone else a jury trial. Thus, there is no deprivation of the equal protection of the laws by virtue of being haled into one forum in which defendants do not have the right to a trial by jury for a certain offense rather than into another forum in which defendants do have a right to a jury trial for that same offense. *Cf. Hardamon*, 178 Colo. at 275–76, 497 P.2d at 1002 ("We would consider it to be destructive of the concept of equality of justice to grant or deny jury trials in petty offense cases merely on the basis of where the offense occurred or in what court the guilt or innocence is to be determined.") By their terms neither the Rule nor the statute creates a classification, much less a suspect classification. Neither does the defendant profess, nor does the record indicate, the existence of an enforcement practice according to which the city discriminates, upon suspect criteria, between defendants who are charged with violations of municipal ordinances and others who are charged with violations of counterpart state statutes. The rule and the statute do not, either facially or as applied, create classifications cognizable under the equal protection clause. Furthermore, because the required written demand and fee are not unduly burdensome, the differential treatment between municipal courts and state

courts does not raise equal protection concerns. We conclude that the prerequisites do not deprive the defendant of the equal protection of the laws as guaranteed by the federal constitution.

▉ Although cast as an equal protection deprivation, the defendant's argument also implicates the due process guarantee of the Fourteenth Amendment. The defendant asserts that the right to a jury trial is a fundamental right in a criminal case, and that any statute or rule which abridges a fundamental right is subject to strict scrutiny. The defendant relies on *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). There, the Supreme Court held that "the right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons within their jurisdiction." 391 U.S. at 154, 88 S.Ct. at 1450 (incorporating the Sixth Amendment's guarantee of the right to a jury trial into the due process clause of the Fourteenth Amendment). As we stated earlier, we do not dispute that the right to a jury trial is a fundamental right. *Curtis*, 681 P.2d at 511 (citing *Duncan*).

In *Duncan*, however, the state denied the defendant a jury trial altogether in a criminal case which, if it had been tried in a federal court, would have fallen within the Sixth Amendment's guarantee of the right to trial by jury. Again, we stress that the defendant here was not denied a jury trial. Because the prerequisites are not unduly burdensome, they cannot be said to abridge the otherwise fundamental right to a jury trial under the federal constitution as construed by *Duncan*. No claim was made nor does the record show that the prerequisites under the Rule in any way diminished the fairness of the criminal trial itself. For these reasons, the written demand and/or the fee need not further a *compelling* gov-

nominal a sum as eight dollars" and invalidat-

ing the jury fee).

ernmental interest, nor need they be a *necessary* means to further the governmental interest discussed above, as is required by strict scrutiny.[10]

For the foregoing reasons, we uphold the district court's ruling on appeal.

---

**10.** From the analysis in Part III of this opinion, we also conclude that the required demand for a jury trial does not implicate the demand-waiver doctrine rejected by the Supreme Court in *Barker.*