488 S.E.2d 66

**STATE of West Virginia ex rel. Franklin RING, Appellant,**

v.

**Gail BOOBER, Jefferson County Magistrate, Appellee.**

**No. 23676.**

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1997.

Decided May 30, 1997.

John H. Boothroyd, Public Defender, Charleston, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Dawn E. Warfield, Deputy Attorney General, Charleston, for Appellee.

MAYNARD, Justice:

The appellant, Franklin Ring, appeals the January 31, 1996, order of the Circuit Court of Jefferson County denying his petition for a writ of prohibition to preclude the respondent below, Magistrate Gail Boober, from denying the appellant's demand for a jury trial in the Magistrate Court of Jefferson County. Magistrate Boober denied the appellant's demand for a jury trial because the demand was not timely according to W.Va. Code § 50–5–8(b) (1994) and Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts. In denying the appellant's petition, the circuit court found that W.Va.Code § 50–5–8(b) is constitutional, and that the appellant's constitutional right to a jury trial was knowingly, voluntarily, and intelligently waived pursuant to Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts. For the reasons set forth below, we agree with the circuit court.

On April 18, 1995, the appellant was arraigned in the Jefferson County Magistrate Court before Magistrate Katherine Santucci on the misdemeanor charge of receiving and transferring stolen property in violation of W.Va.Code § 61–3–18 (1923).[1] The offense allegedly occurred on March 24, 1995. At his arraignment, the appellant signed an "Initial Appearance: Rights Statements" (rights statement) form that, among other things, informed him of his right to a jury trial. The relevant portion of this form states:

The magistrate has informed me that I have the right to demand a jury trial and that if I want a jury trial I must let the magistrate know in writing no later than 20 days from the date of this initial appearance or if I receive court-appointed counsel, 20 days from the date that an attorney is appointed. I have also been informed that if I do not demand a jury trial within the 20–day period, I give up my right to a jury trial and the magistrate will try my case without a jury. I understand as well that if I have a jury brought in, the jury fee will be assessed against me if I am convicted.

At the bottom of the same page, Magistrate Santucci endorsed the following statement:

I have informed the defendant personally of the matters set out above. I find that any waiver of rights herein is made knowingly and voluntarily by the defendant

By order of May 11, 1995, the Public Defender Corporation was appointed to represent the appellant. On May 30, 1995, the appellant's initial hearing in magistrate court was continued because the appellant's counsel did not appear. A hearing set for July 12, 1995, was continued after the appellant's counsel requested discovery. On August 15, 1995, the appellant filed a written demand for a trial by jury pursuant to W.Va.Code § 50–5–8(b) and Article III, Section 14 of the West Virginia Constitution.

The state objected to the appellant's demand for a jury trial, and a hearing was held in this matter on October 25, 1995, before Magistrate Gail Boober. Magistrate Boober denied the appellant's demand for a jury trial because it was filed more than 20 days after the appointment of counsel, and found that the appellant had waived his right to a jury trial under W.Va.Code § 50–5–8(b) and Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts (Rule 5(c)).[2] The appellant's case was then scheduled for trial on December 6, 1995, in the magistrate court.

On December 5, 1995, the appellant filed a petition for a writ of prohibition to the Circuit Court of Jefferson County seeking to prevent Magistrate Boober from trying his

---

1. W.Va.Code § 61–3–18 states:

If any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner thereof, any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of the larceny thereof, and may be prosecuted although the principal offender be not convicted.

2. Magistrate Boober's ruling does not appear in the record, but the State accepted the appellant's representations of this ruling in its brief to this Court.

case without a jury, and the magistrate court proceedings were stayed pending the outcome of a circuit court hearing. A hearing was held on the appellant's petition on January 29, 1996, in the Circuit Court of Jefferson County. The appellant did not present any evidence at the hearing. The State introduced the rights statement and a copy of Rule 5 of the West Virginia Rules of Criminal Procedure for Magistrate Courts. Magistrate Boober testified on behalf of the State, in part, that the appellant's request for a jury trial was not made for several months after he was appointed counsel, and so was not timely. By order of January 31,1996, the circuit court denied the appellant's petition for a writ of prohibition.

At the outset, we note that "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). With this in mind, we now review the circuit court's order and the issue at hand.

The sole issue is whether the State unconstitutionally deprived the appellant of his right to a trial by jury. In deciding this issue, the appellant urges us to find that W.Va.Code § 50–5–8(b) and Rule 5(c) are unconstitutional.

First we emphasize that:

In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

Syllabus Point 1, *State ex rel. Appalachian Power Company v. Gainer*, 149 W.Va. 740, 143 S.E.2d 351 (1965).

■ The right of a criminal defendant to a jury trial is a fundamental constitutional guarantee provided in Article III, Section 14 of the West Virginia Constitution which states, in relevant part, that "[t]rials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men[.]" Article VIII, Section 10 otherwise provides, in relevant part, that a jury in a magistrate court "shall consist of six jurors who are qualified as prescribed by law." However, Rule 23(a) of the West Virginia Rules of Criminal Procedure provides that a jury trial may be waived. In Syllabus Point 5 of *State v. Neuman*, 179 W.Va. 580, 371 S.E.2d 77 (1988) this Court stated that "[c]ertain constitutional rights are so inherently personal and so tied to fundamental concepts of justice that their surrender by anyone other than the accused acting voluntarily, knowingly, and intelligently would call into question the fairness of a criminal trial." Further, "[t]he right to a jury trial is so fundamental that procedural safeguards must be employed, including making an appropriate record of any waiver of this right, to ensure that a defendant's waiver of the right was made personally, knowingly, intelligently and voluntarily." Syllabus Point 3, *State v. Redden*, 199 W.Va. 660, 487 S.E.2d 318 (1997). In *State ex rel. Collins v. Bedell*, 194 W.Va. 390, 403, 460 S.E.2d 636, 649 (1995), this Court stated that the "right to a jury trial may only be waived by the voluntary and intelligent consent of the defendant."

■ The present case concerns the validity of a waiver of a jury trial in magistrate court pursuant to W.Va.Code § 50–5–8(b) and Rule 5(c). Initially, we note that the magistrate court system was established pursuant to the Judicial Reorganization Amendment of 1974. See *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 706–7, 259 S.E.2d 626, 628 (1979). Chapter 50 of the W.Va.Code sets forth the jurisdiction and procedures of magistrate courts. W.Va.Code § 50–5–8(b) (1994) states:

A defendant in any criminal trial for a misdemeanor offense triable before a magistrate has the right to demand that the matter be tried with a jury, and the defendant shall be advised of the right to trial by jury in writing. A demand by the defendant for a jury trial must be made in writing not later than twenty days after the defendant's initial appearance before the magistrate: Provided, That in the case of an indigent for whom counsel is to be appointed, the twenty-day period shall not commence to run until counsel is appointed. Failure to demand within such time constitutes a waiver of the right to trial by jury.

Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts provides:

When a magistrate informs a defendant of the right to demand a jury trial, the defendant shall also be informed that the demand must be made to the court in writing either within 20 days after the initial appearance or 20 days after an attorney is appointed by the circuit court, whichever applies, or the right will be waived and the trial will be before the magistrate without a jury. The magistrate shall further inform the defendant that if a jury trial is demanded, the demand may not be withdrawn if the prosecuting attorney objects to the withdrawal.

In his primary assignment of error the appellant claims that he was unconstitutionally deprived of his right to a jury trial. The appellant does not dispute that the procedures mandated by the above-cited statute and rule were followed in this case. Instead, the appellant essentially contends that these procedures fail to raise an adequate presumption that the waiver of a jury trial is a voluntary, knowing and intelligent one. We disagree, and find that the signed rights statement and the appellant's subsequent failure to demand a jury trial within the prescribed time period constitutes an intentional, knowing, and voluntary waiver.

The statement read and signed by the appellant in this case clearly informed him of his right to demand a jury trial, the necessity of demanding a jury trial no later than 20 days from the date of his initial appearance or the appointment of counsel, and the consequences of failing to demand a jury trial within this time period. In addition, the magistrate signed and dated this form, certifying that she had personally informed the appellant of his right to a jury trial. That a defendant is provided 20 days from the appointment of counsel contemplates that the defendant will have ample opportunity to discuss with his lawyer whether it would be in his best interests to demand a jury trial. In this case, the appellant was appointed counsel on May 11, 1995, and presumably had an opportunity to discuss with her the issue of a jury trial prior to the expiration of the 20 day time period.

In addition, we note that there are adequate safeguards to insure that the procedures set forth in W.Va.Code § 50–5–8(b) and Rule 5(c) result in a valid waiver. Rule 26(b) of the West Virginia Rules of Criminal Procedure for Magistrate Courts states in relevant part:

Except as provided in section (c), below, any time limit which has been set by these rules, by the magistrate, or by statute, may be extended in the following circumstances:

(1) If all parties to the case agree in writing to the extension;

(2) If the existing period has not expired, upon a showing of good cause;

(3) If the time period has expired, upon a showing of unavoidable cause.

In the present case, there is nothing in the record to suggest that the appellant offered any reason whatsoever for his failure to demand a jury trial until over three months after the appointment of counsel.

■ The appellant also asserts that the waiver in the present case was not an intentional one. On this point, we agree with the reasoning of the Supreme Court of Colorado in *Christie v. People*, 837 P.2d 1237 (Colo. 1992), which held that a *pro se* defendant's failure to make a written demand for a jury trial within the time period prescribed by statute was a valid waiver under that state's constitution. The Colorado Supreme Court found that when a defendant is properly

advised of the right to a jury trial and the necessity of a written demand and a fee for a jury trial, "the *pro se* defendant's 'failure' to meet the prerequisites to a jury trial is in fact a conscious 'decision' not to exercise his right to a jury trial." *Christie*, 837 P.2d at 1243 [Citation omitted]. The court explained:

> Although failure to do something is normally considered inaction, there is a significant difference between uninformed inaction which takes place in a vacuum of knowledge (e.g., inaction in the absence of specific instructions by a court according to a formal procedural rule), and informed action (e.g., the decision not to meet the prerequisites to the exercise of a fundamental constitutional right explicitly provided by a procedural rule and made known to the defendant according to another rule). In the former case, there is in fact no "decision" not to act; rather, the defendant is unaware that there is an opportunity or a need to act at all. In the latter case, however, there is a "decision" made, namely, the informed decision not to exercise the right to a jury trial and consequently not to make a written demand for such a trial. Given the express advisements by the court, any ensuing inaction is intentional conduct by the defendant indicating to the court that a jury trial has been waived. Because in this context any inaction constitutes intentional conduct, the court is not presuming "acquiescence in the loss of fundamental constitutional rights." Rather, the court is informed that the right has been voluntarily and knowingly waived.

*Id.,* [Citation and footnote omitted]. The court in *Christie* concluded:

> [N]either the constitutional nor the statutory right to a jury trial requires the presumption that all defendants invariably desire a jury trial. Thus, the prerequisite of a written demand is a simple device which informs the court of the defendant's actual decision to exercise his right to a jury trial, while the lack of a written demand indicates to the court that the right has been knowingly waived. The requisite written

demand is no more burdensome to a defendant than is making the decision itself. *Id.* at 1244.

Similarly, we find that the procedures set forth in W.Va.Code § 50–5–8(b) and Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts are sufficient to inform a magistrate that the right to a jury trial, as provided for in Article III, Section 14 and Article VIII, Section 10 of the West Virginia Constitution, has been voluntarily, knowingly, and intelligently waived, so that W.Va.Code § 50–5–8(b) and Rule 5(c) preserve a defendant's constitutional right to a jury trial.

■ Second, the appellant asserts that his demand for a jury trial was a withdrawal of his previous implied waiver of a jury trial and the magistrate erred in finding that W.Va. Code § 50–5–8(b) automatically precluded any withdrawal.

We find no merit in this assertion. Under the express provisions of W.Va.Code § 50–5–8(b) and Rule 5(c), the appellant had 20 days from the appointment of counsel in which to demand a jury trial. The appellant waived his right to a jury trial by not requesting one within this time period. As noted above, according to Rule 26(b) of the W.Va. Rules of Criminal Procedure, upon a showing of good cause, if the time period has not expired, or if it has, upon a showing of unavoidable cause, the appellant could have extended the time period in which to demand a jury trial. Instead, the appellant demanded a jury trial more than three months after being appointed counsel and offered no reason for his untimely demand. Consequently, we find that the magistrate did not err in denying this demand.

Third, the appellant contends that the rights statement, by notifying the appellant that he would be assessed a jury fee if convicted, imposed an unreasonable burden upon the exercise of an indigent defendant's constitutional right to a jury trial and, thus, created a waiver that was not knowing or voluntary. The gist of the appellant's argument is that this notification amounts to a threat so as to effectively coerce a defendant to waive a jury trial.

It is well-settled that generally a convicted defendant can be held liable for the court costs of his prosecution. See *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). Also, the taxing of costs against a convicted defendant does not generally have an unconstitutional chilling effect on the exercise of such rights as trial by jury, a preliminary hearing or the subpoena of witnesses. *Fuller, supra. See also People v. Estate of Scott*, 66 Ill.2d 522, 6 Ill.Dec. 876, 363 N.E.2d 823 (1977). It is also clear that a criminal defendant cannot be denied a jury trial because of his inability to pay the jury fee. *See Fuller, supra.* This case, however, does not present this situation. Here, the record is clear that the appellant was not denied a jury trial because he was unable to afford one, and the appellant does not make this claim.

The United States Supreme Court faced an issue similar to this one in *Fuller* which concerned Oregon's recoupment statute requiring a person convicted of a criminal offense to repay to the state the costs of state-appointed counsel if the defendant subsequently acquires the means to pay for the legal expense. The appellant claimed that "a defendant's knowledge that he may remain under an obligation to repay the expenses incurred in providing him legal representation might impel him to decline the services of an appointed attorney and thus 'chill' his constitutional right to counsel." *Fuller*, 417 U.S. at 51, 94 S.Ct. at 2123, 40 L.Ed.2d at 653. The United States Supreme Court disagreed, stating:

> Oregon's system for providing counsel quite clearly does not deprive any defendant of the legal assistance necessary to meet [the defendant's legal needs]. As the State Court of Appeals observed in this case, an indigent is entitled to free counsel "when he needs it"—that is, during every stage of the criminal proceedings against him. The fact that an indigent who accepts state-appointed legal representation knows that he might someday be required to repay the costs of these services in no way affects his eligibility to obtain counsel.

*Fuller*, 417 U.S. at 52–53, 94 S.Ct. at 2124, 40 L.Ed.2d at 654 [Citation omitted].

We believe that this reasoning applies in this case. The appellant's brief states that, "[a]s with other rights, such as the right to counsel and the right to a transcript upon appeal, where the defendant cannot afford counsel or a transcript, he is entitled to them at the cost of the state." There is no question that the appellant would have received a jury trial had he not waived it.

We also emphasize that when the appellant was informed that a jury fee would be assessed against him if he was convicted, he was not called upon to immediately decide whether to demand or waive a jury trial. Instead, he was given 20 days from the appointment of counsel in which to make this decision. As noted above, the purpose for the 20 day time period is to allow the defendant to have the opportunity to discuss the subject of a jury trial with his lawyer so that he is able to have the benefit of expert guidance in this matter. If the appellant had a misunderstanding concerning an indigent person's right to a jury trial regardless of ability to pay, it could have been corrected by his lawyer.

Last, the appellant claims that the rights statement failed to inform him of the nature of his right to a jury trial and, thus, could not create a knowing waiver of his constitutional right. According to the appellant, a proper guide to what information a defendant should have regarding a jury trial is found in *U.S. v. Martin*, 704 F.2d 267, 273 (6th Cir.1983) which states:

> A defendant is sufficiently informed to make an intelligent waiver if he was aware that a jury is composed of 12 members of the community, he may participate in the selection of the jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right.

The appellant notes that the rights statement did not inform him of this information, therefore his waiver of a jury trial was not a knowing one.

In the recent case of *State v. Redden*, 199 W.Va. 660, 487 S.E.2d 318 (1997), we declined to set forth a specific formulation of the degree or kind of knowledge about the na-

ture of the right to a jury trial which a criminal defendant must have to enable the defendant to make a decision which is knowing and intelligent. In *Redden* we upheld the waiver of a jury trial in a circuit court proceeding where the judge did not specifically inquire about the defendant's knowledge of certain aspects of the right to a jury trial including the number of persons on a jury, the right of a defendant to participate in the jury selection, and the requirement of a unanimous verdict. There we stated in Syllabus Point 6:

> Especially in a serious case, a circuit court is well advised to ascertain on the record that a defendant who wishes to waive his right to a jury trial knows that a jury is composed of the appropriate number of members of the community, that the defendant may participate in the selection of the jurors, that the verdict of the jury must be unanimous or as otherwise prescribed by law, and that a judge alone will decide guilt or innocence should the defendant waive the right to a jury trial. Additionally, a circuit court is well advised to ascertain on the record whether improper pressure or inducements, or a confused mental state, have affected the defendant's decision to waive the right to a jury trial. These suggested inquiries are neither mandatory nor limiting.

Therefore, in *Redden* we specifically declined to adopt a specific list of things that a defendant must know before waiving his right to a jury trial. Also, while we suggested a preferred procedure for the trial court to utilize when a defendant seeks to waive the right to a jury trial, we stated in note 5 that we were not expressing "any opinion that such a preferred procedure is applicable to the magistrate courts of this state, inasmuch as these are courts of limited record." In the present case, the appellant was clearly made aware of his right to a jury trial and the necessity of demanding this right within 20 days of the appointment of counsel. After the appointment of counsel, the appellant had the benefit of his lawyer's knowledge concerning all that the right to a jury trial entails. There-

fore, we believe that just because the rights statement failed to inform the appellant of the specific nature of the right to a jury trial, does not mean that the appellant's waiver of a jury trial was not voluntary or knowing.

Finally, we note that the rights statement at issue in this case was promulgated by this Court's Administrative Office and utilized in magistrate courts state-wide as an effective process in which to ensure that a criminal defendant in a magistrate court is properly apprised of the constitutional right to a jury trial, and that the defendant has ample time in which to make an informed decision of whether to waive this right. Also, the procedure set forth in W.Va.Code § 50–5–8(b) and Rule 5(c) provides for the efficient and orderly operation of our criminal justice system in those courts. Judicial economy demands that there be some notice of a defendant's decision to demand a jury so as to avoid delay and inconvenience and thereby ensure that magistrate courts run smoothly.

In sum, we find that the procedures set forth in W.Va.Code § 50–5–8(b) and Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts do not unconstitutionally deprive a defendant of the right to a jury trial. The rights statement sufficiently advises a defendant of the right to a jury trial, the necessity of demanding a jury trial within a prescribed time period, and the consequences of failing to make such a demand, so that the subsequent failure of a defendant to demand a jury trial within the requisite time period shows an intelligent, knowing, and voluntary waiver of the right to a jury trial. Therefore, the judgment of the Circuit Court of Jefferson County denying the appellant's petition for a writ of prohibition is affirmed.

Affirmed.