487 S.E.2d 318

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Ronnie REDDEN, Defendant Below, Appellant.**

**No. 23879.**

Supreme Court of Appeals of West Virginia.

Submitted April 23, 1997.

Decided May 29, 1997.

---

Thomas M. Janutolo, Jr., Harvey and Janutolo, Princeton, for Appellant.

Scott E. Johnson, Assistant Attorney General, State of West Virginia, Charleston, for Appellee.

STARCHER, Justice:

The appellant, Ronnie Redden, was convicted in January 1996 of first degree sexual assault, in a bench trial before the Circuit Court of Mercer County. The appellant waived his right to trial by jury. On appeal of his conviction, the appellant asserts that the trial court erred in determining that the

appellant knowingly, intelligently, and voluntarily waived his right to a jury trial. The appellant also assigns as error the trial court's failure to require that his jury trial waiver be in writing, in accordance with Rule 23(a) of the *West Virginia Rules of Criminal Procedure.*[1]

We conclude that the appellant personally, knowingly, intelligently and voluntarily waived his jury trial rights. We also hold that when the transcript of an on-the-record waiver hearing clearly shows that a criminal defendant in a circuit court proceeding personally, knowingly, intelligently and voluntarily waived his right to a jury trial, the failure to obtain the defendant's signature on a written waiver does not in itself make the waiver invalid.

Because we find the appellant's assignments of error to be without merit, we affirm the appellant's conviction.

## I.

### Facts and Background

In January, 1996, the Circuit Court of Mercer County conducted a bench trial of the appellant on a six-count indictment. The trial judge found the appellant not guilty of one count of conspiracy to commit sexual assault; and dismissed on double jeopardy grounds four other sexual offense counts. The trial judge found the appellant guilty of one count of first degree sexual assault.

The evidence against the appellant at trial included the testimony of the victim of the appellant's sexual misconduct; the victim's testimony was corroborated. The appellant was sentenced to a term of 15 to 35 years. No error is assigned in the conduct of the trial itself.

The following excerpt from the transcript of the pre-trial proceedings in this case contains the basic facts regarding the appellant's

waiver of his right to a jury trial that are involved in this appeal.[2]

APPELLANT'S ATTORNEY: Judge, we're asking the Court to allow us to waive a jury trial and proceed to trial in front of the Bench, and we're ready for trial.

APPELLANT: I want a different attorney. I don't want him for an attorney.

THE COURT: Okay. Well, it's a little late for that.

APPELLANT: Well, it's just—

THE COURT: Hold on.

APPELLANT: It's just now what he said.

\*    \*    \*    \*    \*    \*

THE COURT: We don't want the jury—you to be prejudiced in front of the jury that's going to be—may be trying your case.

Does the State wish to assert its right to a jury trial?

PROSECUTING ATTORNEY: No, Your Honor.

THE COURT: Okay.

PROSECUTING ATTORNEY: I think it would actually be easier on the victim. Also, I think the State has an interest in not doing a jury trial, because I'm thinking of the child.

THE COURT: When you respond to my questions, kind of keep your voice low, so that—so the jury won't hear. You don't want to be prejudiced by them.

You've heard our discussion here. Do you want to waive your right to a jury trial today?

APPELLANT: Yes.

THE COURT: And be tried by the Court, where I would be, you know, administering the case, making decisions of law,

---

1. *West Virginia Rules of Criminal Procedure* Rule 23(a) [1995] states in pertinent part: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state."

2. It should be noted that at the same hearing where the appellant waived his right to a jury

trial, he also (unsuccessfully) asked the circuit court to dismiss his lawyer and to appoint another lawyer. Some of the discussion in the transcript refers to the appellant's request for a new lawyer, as well as to the issue of jury trial waiver. The circuit court's refusal to appoint another lawyer is not assigned as an error; consequently we do not address that issue.

but also deciding issues of fact, like a jury would normally decide?

APPELLANT: Yes, sir.

THE COURT: Do you understand that once you waive this right, that you can't change your mind? Once the case commences, or during the trial, or at the end of the trial; do you understand that?

APPELLANT: Yes, sir.

THE COURT: You can't change your mind. I take it you're not under the influence of any alcohol or drugs at this time. You've been incarcerated for some time?

APPELLANT: Yes.

THE COURT: And you know what you're doing?

APPELLANT: Yes.

THE COURT: Do you understand that waiving this right to a jury trial now would prevent you from, in the future, objecting to not having a jury trial? In other words, if you are convicted and receive some sentence, you won't be able to raise before the Supreme Court, or before any other court in the future the fact that you were not given a jury trial. Do you understand that?

APPELLANT: Yes.

THE COURT: Anything else that we need to cover on that issue?

APPELLANT'S ATTORNEY: Not on this issue.

PROSECUTING ATTORNEY: On that particular issue, no, Your Honor.

THE COURT: Okay. Because I'm about to excuse this jury. I just want to make sure that five minutes from now you don't change your mind. Is there any—do you need any more time to reflect on this?

APPELLANT: On what?

THE COURT: On whether to have a jury trial or not?

APPELLANT: The jury trial, it's fine with me, you know.

THE COURT: Because once I excuse the jury, you know, we're going on—

APPELLANT: Yeah.

THE COURT: With the trial at that time. Do you understand that.

APPELLANT: But just his representation, that's—

THE COURT: We'll take that up. We'll take that up as soon as the jury leaves, so there won't be any prejudice about that.

\* \* \* \* \* \*

THE COURT: Mr. Ronnie Redden, at the Bench, indicated that he wanted to waive his right to a jury trial. The State concurred and did not assert its right to a jury trial.

APPELLANT'S ATTORNEY: Judge, what happened, in a nutshell, was Mr. Redden brought up the issues of whether he was going to have any character witnesses, or whether there was going to be any medical evidence in this case. I've talked to Mr. Redden, Judge, at Mount Olive. I've talked with him here, downstairs, and I've talked to him at the Southern Regional Jail. I've been over these matters before with him. This is not a character witness case, Judge.

One reason we're not having a jury is because we've got to be freed up to talk about things that the jury couldn't overcome in their minds. We're not going to be putting on any character witnesses. We never even discussed putting on any character witnesses. And the Court knows, the last thing you do when your client has been convicted of sexual abuse of a child is put on a character witness.

\* \* \* \* \* \*

THE COURT: What—what do you think another lawyer could do that Mr. Hatfield could not do?

APPELLANT: Well, I don't know, but I've been through it before, and I believe it needs stuff in there, you know, like the character witnesses. It'll hurt it.

THE COURT: When you say you've been through it before, did you have a trial or—

APPELLANT: Yes.

THE COURT: You went through a trial. Who represented you in that case?

APPELLANT: Scott Ash.

THE COURT: Public Defender?

APPELLANT: Yeah.

THE COURT: And so you went through the whole trial?

APPELLANT: Yes.

THE COURT: Did they put on any character evidence then?

APPELLANT: He didn't.

THE COURT: And you were convicted of what?

APPELLANT: First degree sexual assault.

THE COURT: And received a 15 to 35 sentence?

APPELLANT: 15 to 25.

\* \* \* \* \* \*

THE COURT: Mr. Redden is here in person with his attorney, Mr. Hatfield; Ms. Garton is representing the State. Mr. Redden has previously waived his right this morning to a jury trial, and the State has concurred, and, consequently, the matter is being tried before the Court.

The Court had previously found that he had knowingly and intelligently waived that right. I'll hear opening statements at this time.

## II.

### *Discussion*

### A.

### *Standard of Review*

■ A threshold inquiry is, should this Court review these assignments of error? The appellant did not make his jury trial waiver an issue at trial or in a post-trial motion; the issue is raised for the first time on this appeal. The transcript excerpt quoted above indicates that the appellant's decision to waive a jury trial was a strategic decision, which the appellant stated that he concurred in. The appellant's counsel even explained the reasoning behind the jury waiver decision to the court. The appellant makes no contention on appeal that trial counsel was ineffective.[3]

Consequently, we are asked in this appeal to decide that a trial judge erred in doing what the appellant with the advice of counsel directly and repeatedly asked the judge to do to, in furtherance of a reasoned defense strategy. Even if the trial court committed error, the error was clearly "invited as a part of a trial strategy or tactic." *State v. Dozier,* 163 W.Va. 192, 197, 255 S.E.2d 552, 555 (1979).

The appellant contends nonetheless that the trial court's alleged errors, even if unobjected to and invited, constituted plain error, and involved a fundamental right secured by the West Virginia and United States *Constitution* s. It has been said that even if error is invited, "under Rule 23(a) the primary responsibility for protecting the right to trial by jury rests on trial judges and prosecutors." *United States v. Garrett,* 727 F.2d 1003, 1013 (1984). The state does not contend that we should not review the appellant's assignments of error. We proceed to address them, in part because the Rule 23(a) writing issue is apparently one of first impression in our State.

In addressing the assignments of error, we first set out the appropriate standard(s) of review.

As to the first issue—the knowing, intelligent voluntariness of the appellant's jury trial waiver—this Court has recently held, with regard to the related issue of the voluntariness of confessions:

[T]his Court is constitutionally obligated to give plenary, independent, and *de novo* review to the ultimate question of whether a particular confession is voluntary and whether the lower court applied the correct legal standard in making its determination. The holdings of prior West Virginia cases suggesting deference in this area continue, but that deference is limited to factual findings as opposed to legal conclusions.

Syllabus Point 2, *State v. Farley,* 192 W.Va. 247, 452 S.E.2d 50 (1994).

■ We similarly conclude that the trial court's ultimate determination of the know-

---

**3.** We recognize that ineffective assistance claims should usually be presented in habeas corpus proceedings. *See* Syllabus Point 10, *State v. Triplett,* 187 W.Va. 760, 421 S.E.2d 511 (1992).

ing, intelligent voluntariness of a criminal defendant's waiver of the constitutional right to a jury trial is upon review "a legal question requiring independent [appellate] ... determination." *Farley*, 192 W.Va. at 253, 452 S.E.2d at 56. In such a case, although our appellate review of the trial court's ultimate determination is plenary and *de novo*, this Court will review specific findings of fact by the trial court which underlie its determination under the deferential "clearly erroneous" standard. *Id.*

■ In the instant case, the trial judge stated (just before the bench trial began) that he had found that Mr. Redden had made a knowing and intelligent waiver of his right to a jury trial.[4] However, because the trial court did not make specific factual findings going to the knowing, intelligent and voluntary nature of the appellant's jury trial waiver, we will uphold the trial court's determination "only if a reasonable review of the evidence clearly supports [the trial court's determination.]" *Farley*, 192 W.Va. at 254, 452 S.E.2d at 56–57.

■ As to the second issue which we address, the "writing" requirement in *West Virginia Rules of Criminal Procedure* Rule 23(a), this issue presents a matter of purely legal interpretation of the Rule, which we address *de novo*. *See* Syllabus Point 1, *Appalachian Power Co. v. State Tax Dept. of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995).

### B.

### *Knowing and Intelligent Waiver of Jury Trial*

We begin our discussion with a review of pertinent authority on the issue of jury trial waiver, and we extract from these authorities principles which we apply to the instant case, under the previously stated standard of review.

In *State v. Neuman*, 179 W.Va. 580, 371 S.E.2d 77 (1988) this Court stated at Syllabus Point 5:

Certain constitutional rights are so inherently personal and so tied to fundamental concepts of justice that their surrender by anyone other than the accused acting voluntarily, knowingly, and intelligently would call into question the fairness of a criminal trial.

Similarly, in *State v. Eden*, 163 W.Va. 370, 377, 256 S.E.2d 868, 873 (1979), we stated:

[W]aiver of a constitutional right is not implied to be lightly regarded, and if such a waiver is to be implied at all, it can only be in situations in which it is clear that the accused has not only a full knowledge of all facts and of his rights, but a full appreciation of the effects of his voluntary relinquishment.

We also stated in *Neuman*, 179 W.Va. at 584, 371 S.E.2d at 81, that:

[T]he right to a jury trial ... is so fundamental that procedural safeguards must be employed on the record to insure that the defendant's waiver of the right ... was made voluntarily, knowingly, and intelligently.

We held in *State ex rel. Collins v. Bedell*, 194 W.Va. 390, 403, 460 S.E.2d 636, 649 (1995) that: "[The] right to a jury trial may only be waived by the voluntary and intelligent consent of the defendant."

The right to a jury trial is one of the facts that this Court identified in Syllabus Point 3 of *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), that a criminal defendant should be made aware of when he desires to plead guilty:

When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent under-

---

4. The trial judge's language was: "Mr. Redden has previously waived his right this morning to a jury trial, and the State has concurred, and, consequently, the matter is being tried before the Court. The Court had previously found that he had knowingly and intelligently waived that right." We take the judge's statement to mean that he had concluded at the end of the court's interrogation of the appellant about the jury trial waiver, which had ended several minutes earlier, that the appellant's waiver was knowing, intelligent and voluntary. We read this statement by the judge to be a memorialization of that conclusion, since the transcript shows that the judge did not immediately state his ultimate determination at the end of the interrogation.

standing of the following rights, some of which he will waive by pleading guilty; ... 3) the right to a public trial by an impartial jury of twelve persons [.]

In *Call*, this Court also stated, at Syllabus Points 4 and 5, in part:

[T]he trial court should ... interrogate the defendant concerning whether he understands the rights he is waiving ... and whether there is any pressure upon him ... A trial court should spread upon the record ... relevant matters which will demonstrate to an appellate court or a trial court proceeding in habeas corpus that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

In *State v. Sandler*, 175 W.Va. 572, 574, 336 S.E.2d 535, 537 (1985), this Court discussed the guidelines which have been established for a circuit court's colloquy with a criminal defendant, when the defendant wishes to waive the right to counsel. In *Sandler*, we stated:

These guidelines are not mandatory. The omission of one or more of the warnings in a particular case would not necessarily require reversal, so long as it is apparent from the record that the defendant made a truly intelligent and knowledgeable waiver of his right to counsel. "The determination of whether an accused has knowingly and intelligently elected to proceed without the assistance of counsel depends on the facts and circumstances of the case. The test in such cases is not the wisdom of the accused's decision to represent himself or its effect upon the expeditious administration of justice, but, rather, whether the defendant is aware of the dangers of self-representation and clearly

intends to waive the rights he relinquishes by electing to proceed *pro se.*" *State v. Sheppard*, 172 W.Va. 656, 310 S.E.2d 173, 188 (1983) (citations omitted). Unfortunately, such a showing was not made on the record in this case.

Our review of the foregoing authorities establishes that the right to a jury trial is so fundamental that procedural safeguards must be employed and an appropriate record made of any waiver of this right to ensure that a defendant's waiver of the right was made personally, knowingly, intelligently and voluntarily.

When a criminal defendant in a circuit court proceeding seeks to waive the right to a jury trial, the preferred procedure is for the trial court: (1) to interrogate the defendant on the record concerning whether he understands the nature of the right he is waiving; (2) if the defendant is represented by counsel, to ascertain whether the defendant has consulted with counsel about the decision to waive a jury trial; (3) to spread upon the record sufficient information to demonstrate that the defendant's jury trial waiver is made personally, knowingly, intelligently and voluntarily; and (4) to obtain the defendant's signature on a written waiver of the right to a jury trial. (*See* part III C. of this opinion for a discussion of the writing requirement.)[5]

We decline to set forth a specific formulation of the degree or kind of knowledge about the nature of the right to a jury trial which a criminal defendant must have, to enable the defendant to make a decision which is knowing and intelligent.[6]

5. While we set forth this procedure as the preferred way to assure that a jury trial waiver is personal, knowing, intelligent, voluntary and in full compliance with Rule 23 of the *West Virginia Rules of Criminal Procedure*, we do not by our holding suggest that convictions by a bench trial following a jury trial waiver which do not follow this procedure are necessarily invalid; nor do we express any opinion that such a preferred procedure is applicable to the magistrate courts of this state, inasmuch as these are courts of limited record.

6. In *United States v. Martin*, 704 F.2d 267, 273 (6th Cir.1983), the court stated:

A defendant is sufficiently informed to make an intelligent waiver [of jury trial rights] if he was aware that a jury is composed of 12 members of the community, he may participate in the selection of the jurors, the verdict of the jury is unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right. Knowledge of these essential attributes is generally sufficient to enable a defendant to make a knowing and intelligent decision. (Citation omitted).

■ However, the absence of a record which clearly shows the defendant's personal, knowing, intelligent and voluntary waiver of the right to a jury trial is an invitation to later claims of an invalid waiver, or of ineffective assistance of counsel. Therefore, especially in a serious case, a circuit court is well advised to ascertain on the record that a defendant who wishes to waive his right to a jury trial knows that a jury is composed of the appropriate number of members of the community, that the defendant may participate in the selection of the jurors, that the verdict of the jury must be unanimous or as otherwise prescribed by law, and that a judge alone will decide guilt or innocence should the defendant waive the right to a jury trial. Additionally, a circuit court is well advised to ascertain on the record whether improper pressure or inducements, or a confused mental state, have affected the defendant's decision to waive the right to a jury trial. These suggested inquiries are neither mandatory nor limiting.

■ Ultimately, whether a criminal defendant's waiver of the right to a jury trial is personal, knowing, intelligent and voluntary is a matter to be determined by looking at the totality of the circumstances. In making such a determination, the fact that the defendant has personally executed a written document reflecting the waiver of the right to a jury trial, and the fact that the defendant had the advice of counsel at the time of waiver, are probative that the waiver was personal, knowing, intelligent and voluntary—but they are not necessarily determinative.

We apply these principles and our previously stated standard of review to the evidence in the colloquy (quoted hereinabove) between the appellant, his attorney, and the trial judge—about Mr. Redden's desire to waive a jury trial.

■ This evidence shows that the appellant personally, knowingly, intelligently and voluntarily waived his right to a jury trial. The circuit judge asked the appellant eight questions about the appellant's waiver decision. The defendant responded consistently and unequivocally that he understood what he was doing and that he firmly wished to do it, and that he understood the serious and irrevocable nature of his decision. The judge specifically informed the appellant that the judge would be trying the case if the defendant waived his jury trial right. The judge ascertained that the appellant was not in an intoxicated mental state. And the judge learned during the colloquy that the appellant's decision was made with the advice of counsel and as part of counsel's trial strategy.

It is true that the trial judge did not specifically inquire about the defendant's knowledge of certain aspects of the right to a jury trial—including the number of persons on a jury, the right of the defendant to participate in jury selection, and the requirement of a unanimous verdict. However, the appellant makes no assertion that he did not actually know about a particular aspect of the jury trial right, or that his knowledge of a particular aspect of the right to a jury trial would have led him not to waive the right.

The fact that the colloquy was held at the bench, because prospective jurors were present in the courtroom, may have curtailed the colloquy somewhat. Certainly the court's interrogation of the defendant was not as complete as one would expect, for example, in the case of a guilty plea in a circuit court proceeding for a serious offense. But neither were the rights involved as multi-faceted as those involved in a plea of guilty. *See Call v. McKenzie, supra.*

We cannot agree with the appellant's contention that he was confused, unfocused and ignorant when he waived his right to a jury trial. Our review of the record leaves us with the firm conviction that under the circumstances, the appellant appreciated the nature of what he was giving up, and that he personally, knowingly, intelligently and voluntarily waived his right to a jury trial, in consultation with his counsel and in accordance with a deliberate trial strategy. Therefore, upon our "reasonable review" of the evidence which was before the trial judge in making his ultimate determination that the appellant's jury waiver was personal, knowing, intelligent and voluntary, we find that the evidence clearly supports the trial judge's

determination. The appellant's assignment of error on this issue is therefore without merit.

### C.

#### *The Rule 23(a) Writing Requirement*

Rule 23(a) of the *West Virginia Rules of Criminal Procedure* states in pertinent part: "Cases required to be tried by jury shall be so tried *unless the defendant waives a jury trial in writing* with the approval of the court and the consent of the state." (emphasis added).

The language in our Rule 23(a) stating that jury trial waivers are to be in writing is also present in the essentially identical *Federal Rules of Criminal Procedure* 23(a). The federal courts have consistently concluded that where a jury trial waiver is knowing and intelligent, as reflected in an on-the-record statement made in open court by the defendant personally, the failure to obtain a written waiver signed by the defendant does not make the waiver invalid, despite the "writing" requirement of Rule 23(a). *See, e.g., United States v. Robertson,* 45 F.3d 1423 (10th Cir.), *cert. denied,* 515 U.S. 1108, 115 S.Ct. 2258, 132 L.Ed.2d 265 (1995); *United States v. Saadya,* 750 F.2d 1419, (9th Cir. 1985). State courts interpreting their rules which also have a writing requirement for jury trial waivers have made the same determination. *See, e.g., McGlauflin v. State,* 857 P.2d 366 (Alaska.Ct.App.1993).

According to the reasoning of these cases, the writing requirement "is intended to impress [a defendant] with the significance of the right relinquished and provide evidence of [a defendant's] consent to forgo that right." *Robertson,* 45 F.3d at 1431.[7]

We conclude that where the proceedings before a court on the record (which do create a kind of "writing"—a transcript) clearly and unequivocally accomplish the purpose that the signed writing is designed to serve, it would elevate form over substance in all but

an extraordinary case to invalidate a defendant's knowing, intelligent and voluntary personal waiver, simply because of the lack of a defendant's signature on a form.

However, it has also been held, as a corollary to allowing jury trial waivers to stand that are not in technical compliance with Rule 23(a), that any exception to the Rule 23(a) writing requirement should be a narrow one; and that when there is no written personal waiver of the right to a jury trial, and a defendant contends that he or she did not personally, knowingly, intelligently, and voluntarily waive the right to a jury trial, the defendant's waiver of the jury trial right is valid only when the record "firmly establishes" that the defendant personally, knowingly, intelligently, and voluntarily waived the right to a jury trial. *See Garrett,* 727 F.2d at 1013 (9th Cir.1984). *See also United States v. Page,* 661 F.2d 1080, 1081–83 (5th Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1713, 72 L.Ed.2d 136 (1982).

Consequently we hold that in a circuit court proceeding, when a criminal defendant's jury trial waiver is personal, knowing, intelligent, and voluntary as reflected in an on-the-record statement in open court, the failure to obtain a written waiver signed by the defendant does not in itself make the jury trial waiver invalid, despite the technical "writing" requirement of Rule 23(a) of the *West Virginia Rules of Criminal Procedure.*

However, when the record contains no written waiver of the right to a jury trial personally signed by the defendant, as required by *West Virginia Rules of Criminal Procedure* 23(a), and a defendant contends that he or she did not personally, knowingly, intelligently, and voluntarily waive the right to a jury trial, the jury trial waiver is valid only when the record firmly establishes the defendant's personal, knowing, intelligent and voluntary waiver of the right to a jury trial.

---

7. In recognition of the sense of importance that a signed writing brings to a waiver, as well as its utility in memorializing and providing a clear record of the waiver, in Syllabus Point 4 of *State v. Wyer,* 173 W.Va. 720, 320 S.E.2d 92 (1984), this Court held that once the Sixth Amendment right to counsel has attached, it can only be waived by a written waiver signed by the defendant who is aware that he is under arrest and has been informed of the nature of the charge against him, in addition to the customary Miranda warnings.

Applying this standard to the instant case, we have concluded that the record firmly establishes the appellant's personal, knowing, intelligent and voluntary waiver of his right to a jury trial. Therefore, the lack of a written waiver signed by the appellant does not invalidate the waiver. Therefore, this assignment of error is without merit.

## IV.

### Conclusion

For the foregoing reasons, the judgment of the Circuit Court of Mercer County is affirmed.

Affirmed.