# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronnie R.,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0565** (Mercer County 13-C-123)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ronnie R., by counsel Matthew Parrott, appeals the Circuit Court of Mercer County's May 16, 2016, order denying his petition for writ of habeas corpus.[1] Respondent David Ballard, Warden, by counsel Zachary Aaron Viglianco, filed a response. On appeal, petitioner argues that the circuit court erred in denying his petition for writ of habeas corpus without conducting an evidentiary hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 1992, petitioner was convicted of six counts of sexual assault in the first degree, three counts of sexual assault in the second degree, and three counts of child sexual abuse. Following these convictions, petitioner filed his first petition for writ of habeas corpus ("first petition"). Petitioner's first petition was denied, and the denial was affirmed upon appeal to this Court. *See Ronnie R. v. Trent*, 194 W.Va. 364, 460 S.E.2d 499 (1995).

While petitioner was incarcerated for the convictions obtained in 1992, he was charged with one count of sexual assault in the first degree, three counts of conspiracy, one count of sexual abuse by a parent, and one count of parent procuring and allowing sexual abuse to be inflicted upon a child. Sometime in 1996, after a bench trial on these charges, petitioner was convicted of sexual assault in the first degree. Petitioner filed a direct appeal of this conviction,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

which was upheld by this Court. *State v. R[.]*, 199 W.Va. 660, 487 S.E.2d 318 (1997).

Petitioner thereafter filed a second petition for writ of habeas corpus ("second petition") that challenged both his 1992 and 1996 convictions. The circuit court held an evidentiary hearing on the second petition. By order entered on December 16, 2010, the circuit court denied petitioner's request for habeas corpus relief. On appeal to this Court, we affirmed the circuit court's denial of petitioner's second petition. *Ronnie R. v. Ballard*, No. 11-0640, 2012 WL 3055682 (W.Va. Apr. 16, 2012)(memorandum decision).

Petitioner filed his third petition for writ of habeas corpus ("third petition") on April 1, 2013. By order entered on May 16, 2016, the circuit court denied petitioner's third petition without conducting an evidentiary hearing. The court concluded that petitioner's third petition attempted to re-litigate issues resolved in the prior proceedings "and [that] have been final upon the merits for many years." The circuit court also concluded that petitioner's asserted claims did not "rise to the level of a constitutional claim recognizable in habeas," and that petitioner "failed to meet his burden of proof." In the instant appeal, petitioner claims that the circuit court erred in denying his petition without a hearing, particularly on petitioner's ineffective assistance of counsel claim.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

In asserting that the circuit court abused its discretion in not holding an evidentiary hearing on his third petition, petitioner urges this Court to consider his appeal in light of our decision in *Boggs v. Nohe*, No. 15-1001, 2016 WL 6576891 (W.Va. Nov. 7, 2016)(memorandum decision). In *Boggs*, we reversed the circuit court's denial of Ms. Boggs's petition for writ of habeas corpus and remanded the case to the circuit court to conduct an evidentiary hearing on Ms. Boggs's ineffective assistance of counsel claims. *Id.* at *4. Petitioner argues that a similar result must obtain here because he has challenged his counsel's representation, and those challenges should be evaluated during an evidentiary hearing.

In addressing petitioner's claim, we begin by noting that circuit courts are vested with the discretion to deny petitions for writs of habeas corpus without conducting an evidentiary hearing. Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 467, 194 S.E.2d 657, 658 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits,

affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."); *Gibson v. Dale*, 173 W.Va. 681, 688, 319 S.E.2d 806, 813 (1984) ("In essence, then, the post-conviction habeas corpus statute leaves the decision of whether to conduct an evidentiary hearing or to compel the State to produce evidence in its possession in large part to the sound discretion of the court before which the writ is made returnable."). Further,

> [i]f the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record.

*Gibson*, 173 W.Va. at 689, 319 S.E.2d at 814.

The circuit court, following a review of all three of petitioner's petitions, concluded that petitioner failed to advance any grounds that were not previously litigated and resolved, that he failed to assert constitutional claims cognizable in a habeas proceeding, and that petitioner failed to meet his burden of proof. Petitioner asserts that his petition makes serious claims regarding counsel's representation, but he fails to outline these alleged claims in his brief to this Court or to include his third petition in the appendix record.[2] The circuit court's order disposing of his petition, however, addresses the grounds that petitioner raised. The order noted that petitioner alleged that his trial counsel for his 1992 convictions failed to address a certain issue during the trial and failed to retain an expert. Petitioner also asserted that his habeas counsel for his 2008 petition failed to address shortcomings in the 1992 proceedings. Petitioner also took issue with a prior correction of his sentence that simply resolved a technical error but resulted in no change to his effective sentence. Because these claims were either previously raised or could have been raised in prior petitions, petitioner's situation differs from the situation presented in *Boggs*. In *Boggs*, Ms. Boggs's appeal centered on the denial of her first petition for writ of habeas corpus, whereas petitioner in this matter pursued two prior petitions and was afforded an evidentiary hearing. Additionally, Ms. Boggs raised claims that, if supported, would have entitled her to relief. The circuit court in this matter specifically found petitioner's grounds to be meritless and that he "is attempting to re-litigate issues that were previously resolved in the prior proceedings and have been final upon the merits for many years." Given these findings, it was not clearly erroneous for the circuit court to deny petitioner an evidentiary hearing.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 5, 2017

---

[2]Petitioner also claims that the circuit court's order "merely glanced over the petitioner's claims of ineffective assistance of habeas counsel," but fails to challenge or dispute any of the circuit court's findings that addressed petitioner's ineffective assistance of counsel claims.

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker