STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

State of West Virginia,
Plaintiff Below, Respondent

vs.) No. 20-0545 (Mineral County 14-F-75)

Scott K.,
Defendant Below, Petitioner

MEMORANDUM DECISION

Petitioner Scott K.,[1] by counsel Jeremy Cooper, appeals from the Circuit Court of Mineral County's June 26, 2020, order denying his motion to dismiss the indictment. The State of West Virginia, by counsel Patrick Morrisey and Katherine M. Smith, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by the grand jury on May 5, 2014, on five counts of second-degree sexual assault and six counts of third-degree sexual assault. The charges involved a victim who was classified as a protected person due to his mental illness.

On December 30, 2014, petitioner's trial counsel sought competency and criminal responsibility evaluations for petitioner. The circuit court ordered a "mental status evaluation." Based upon the resulting report, the circuit court entered an order finding petitioner "incompetent to stand trial at this time," but the court noted that there was a "substantial likelihood" petitioner would attain competency within three months. In light of this finding, the circuit court ordered

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

petitioner to be placed at William R. Sharpe, Jr. Hospital ("Sharpe Hospital") until such time as he became competent or as otherwise ordered by the court. While at Sharpe Hospital, petitioner underwent another competency evaluation. This evaluator concluded that petitioner was competent to stand trial.

At a competency hearing on June 9, 2015, the circuit court found petitioner competent to stand trial. On June 18, 2015, petitioner filed a "Notice of Insanity Defense and Notice of Expert Testimony of Defendant's Mental Condition." Per this submission, petitioner intended to enter a plea of not guilty by reason of insanity at the time of the offenses alleged in the indictment. Dr. Timothy Saar conducted a forensic evaluation of petitioner and produced a report concluding that although petitioner was presently competent to stand trial, "[a]t the time in question, [petitioner] did, as a result of a mental disease or defect, lack substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law."

At a status hearing on April 19, 2016, the parties agreed that petitioner was not criminally responsible for the charges against him. Further, the parties agreed that petitioner was competent to stand trial. When the circuit court inquired of counsel about how to proceed, it asked counsel "We'll just have a bench trial?" Defense counsel responded, "Yes, sir." Accordingly, the court set the matter for a bench trial. This was memorialized in the circuit court's April 26, 2019, order.[2] Specifically, the order noted:

> WHEREFORE, counsel for the Defendant advised the Court that a report had been filed by the Saar Psychological Group that the Defendant had been not criminally responsible at the time(s) of these offenses, and that the parties agree that the Defendant was in fact not criminally responsible. **The parties requested that the Court set the matter for a bench trial pursuant to W.Va. Ann. Code, sec. 27-6A-4(e).**

(emphasis added).

Petitioner appeared in person and by counsel at the bench trial. There, the State offered laboratory reports and testimony from the victim and the chief investigating officer. Defense counsel introduced the report prepared by Dr. Saar. At the conclusion of the evidence, the circuit court found petitioner not guilty by reason of mental illness of all charges in the indictment. At no point prior to or during trial did petitioner object to or raise any issue with the decision of the circuit court to conduct a bench trial.

---

[2] At the hearing, defense counsel noted that it would prepare this order. Although there is no indication on the face of the order that defense counsel prepared it, defense counsel never raised either a written or oral objection to the order. Further, defense counsel and petitioner both appeared at the bench trial and neither raised any objection to the order on the day of the bench trial.

In light of the verdict of not guilty by reason of mental illness, the circuit court proceeded under West Virginia Code § 27-6A-4(e)(2007).[3] Accordingly, the circuit court found that petitioner

> [w]ould have been convicted, but for his mental illness, by a court or jury of Counts III (Sexual Assault in the Third Degree), IV (Sexual Assault in the Third Degree), IX (Sexual Assault in the Third Degree) and XI (Sexual Assault in the Third Degree). The remaining counts would not have been supported by the evidence to a degree of beyond a reasonable doubt.

Further, the circuit court determined that the maximum sentences petitioner could have received for the offenses of which he "could have otherwise been convicted" included sentences of one to five years for each count of sexual assault in the third degree to run consecutively, totaling a potential maximum sentence of four to twenty years of incarceration. Thus, the circuit court ordered that it would retain jurisdiction over petitioner "for said maximum sentence of Twenty (20) years, or until otherwise discharged by further Order of this Court, plus Ten (10) Days as provided for statutorily." The court committed petitioner to the custody of DHHR. He was initially committed to Sharpe Hospital and subsequently transferred to the Eastridge Health Service Stepdown Unit in Hedgesville.

---

[3] West Virginia Code § 27-6A-4(e) provided that

> [i]f the verdict in a criminal trial is a judgment of not guilty by reason of mental illness, the court shall determine on the record the offense or offenses of which the acquitee could have otherwise been convicted, and the maximum sentence he or she could have received. The acquitee shall remain under the court's jurisdiction until the expiration of the maximum sentence or until discharged by the court. The court shall commit the acquitee to a mental health facility designated by the department that is the least restrictive environment to manage the acquitee and that will allow for the protection of the public. Notice of the maximum sentence period with end date shall be provided to the mental health facility. The court shall order a qualified forensic evaluator to conduct a dangerousness evaluation to include dangerousness risk factors to be completed within thirty days of admission to the mental health facility and a report rendered to the court within ten business days of the completion of the evaluation. The medical director of the mental health facility shall provide the court a written clinical summary report of the defendant's condition at least annually during the time of the court's jurisdiction. The court's jurisdiction continues an additional ten days beyond any expiration to allow civil commitment proceedings to be instituted by the prosecutor pursuant to article five of this chapter. The defendant shall then be immediately released from the facility unless civilly committed.

More than three and a half years after the bench trial, petitioner filed a motion to dismiss the indictment. In the motion, petitioner claimed that he was denied the right to a jury trial. Further, he claimed that since he had a defective trial, he was denied his right to a speedy trial. After this motion was fully briefed and the court held a hearing, the circuit court entered its June 26, 2020, order denying this motion. Petitioner appeals from that order.

> "This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact."

Syl. Pt. 1, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d 449 (2009).

At the outset, we note that petitioner's motion to dismiss the indictment was untimely. West Virginia Rule of Criminal Procedure 12(b)(2) provides in pertinent part that "[d]efenses and objections based on defects in the indictment or information" must be raised prior to the trial. Here, petitioner filed his motion to dismiss the indictment approximately three and a half years after the circuit court conducted his bench trial. Additionally, the motion did not argue that the indictment was either prejudicial or defective, raising no issue with the indictment at all. Notwithstanding the deficiencies with petitioner's motion on appeal, we will address his substantive arguments.

Petitioner raises two assignments of error on appeal. First, he argues that he was improperly tried via a bench trial without ever waiving his constitutional right to a jury trial. Further, he claims that the circuit court erred by declining to discharge him from further prosecution based on a violation of his constitutional right to a speedy trial.

> "A trial court's ultimate determination of the knowing, intelligent voluntariness of a criminal defendant's waiver of the constitutional right to a jury trial is upon review a legal question requiring independent appellate determination. In such a case, although appellate review of the trial court's ultimate determination is plenary and *de novo,* this Court will review specific findings of fact by the trial court which underlie its determination under the deferential "clearly erroneous" standard."

Syl. Pt. 1, *State v. Redden*, 199 W. Va. 660, 487 S.E.2d 318 (1997).

As to his initial assignment of error, both parties agreed during the April 19, 2016, status conference that petitioner was not criminally responsible for the acts on which his criminal charges were based, yet he was competent to stand trial. Petitioner maintains that he did not waive his right to a trial by jury. Respondent suggests that the "totality of the circumstances" indicates that petitioner waived any right he had to a jury trial. We agree with respondent.

As to a waiver of the right to a jury trial, we have held:

4

"Whether a criminal defendant's waiver of the right to a jury trial is personal, knowing, intelligent and voluntary is a matter to be determined by looking at the totality of the circumstances. In making such a determination, the fact that the defendant has personally executed a written document reflecting the waiver of the right to a jury trial, and the fact that the defendant had the advice of counsel at the time of waiver, are probative that the waiver was personal, knowing, intelligent and voluntary—but they are not necessarily determinative."

*Id.* at 662, 487 S.E.2d at 320, Syl. Pt. 5.

Here, the parties agreed to set the matter for a bench trial. Thereafter, petitioner was present in person and by counsel at the bench trial. At no point before or during the proceedings did petitioner object or raise any issue with the matter proceeding to a bench trial. Moreover, the circuit court found that petitioner *requested* a bench trial, and petitioner has not alleged in this appeal that the circuit court's finding was clearly erroneous. Accordingly, under the totality of the circumstances, we conclude that petitioner knowingly and intelligently waived his right to a jury trial.

Finally, petitioner claims that since he has been held without a proper jury trial, he has been denied his right to a speedy trial. He argues that he has been improperly confined to the court's custody for more than three years as a result of this speedy trial violation. Inasmuch as we have already determined that petitioner received an appropriate bench trial, we decline to address this assignment of error on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

5