IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2024 Term

_____

No. 22-771

_____

FILED

June 7, 2024

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

V.

BRADLEY ROHRBAUGH,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Grant County
The Honorable Lynn A. Nelson, Judge
Case No. 21-F-38

VACATED AND REMANDED
_____

Submitted: May 1, 2024
Filed: June 7, 2024

Jeremy B. Cooper, Esq.
Blackwater Law PLLC
Aspinwall, Pennsylvania
Attorney for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Andrea Nease Proper, Esq.
Deputy Attorney General
Charleston, West Virginia
Attorney for the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "Certain constitutional rights are so inherently personal and so tied to fundamental concepts of justice that their surrender by anyone other than the accused acting voluntarily, knowingly, and intelligently would call into question the fairness of a criminal trial." Syllabus point 5, *State v. Neuman*, 179 W. Va. 580, 371 S.E.2d 77 (1988).

2.      "The right to a jury trial is so fundamental that procedural safeguards must be employed, including making an appropriate record of any waiver of this right, to ensure that a defendant's waiver of the right was made personally, knowingly, intelligently and voluntarily. *State v. Neuman*, 179 W. Va. 580, 584, 371 S.E.2d 77, 81 (1988)." Syllabus point 3, *State v. Redden*, 199 W. Va. 660, 487 S.E.2d 318 (1997).

3.      "[W]hen the record contains no written waiver of the right to a jury trial personally signed by the defendant, as required by *West Virginia Rule*[] *of Criminal Procedure* 23(a), and a defendant contends that he or she did not personally, knowingly, intelligently, and voluntarily waive the right to a jury trial, the jury trial waiver is valid only when the record firmly establishes the defendant's personal, knowing, intelligent and voluntary waiver of the right to a jury trial." Syllabus point 7, in part, *State v. Redden*, 199 W. Va. 660, 487 S.E.2d 318 (1997).

**BUNN, Justice:**

Petitioner Bradley Rohrbaugh appeals the Circuit Court of Grant County's September 22, 2022 order sentencing him to one to five years of imprisonment after a bench trial convicting him of fleeing from an officer with reckless indifference, in violation of West Virginia Code § 61-5-17(f). In this appeal, Mr. Rohrbaugh asserts that he did not waive his right to a jury trial voluntarily, knowingly, and intelligently and that the circuit court erred by finding that he wished to waive this right and then conducting a bench trial. He also claims that the circuit court's factual findings, after the bench trial, do not support his conviction. We agree that the circuit court erred by finding that Mr. Rohrbaugh waived his right to a jury trial and subsequently holding a bench trial. As we resolve the matter on that ground, we do not address his contention regarding the sufficiency of the evidence.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Late on July 3, 2021, a member of the West Virginia State Police ("the State Trooper") purportedly saw Mr. Rohrbaugh driving in Grant County at a high rate of speed. The State Trooper activated his emergency lights in an attempt to initiate a traffic stop, while Mr. Rohrbaugh allegedly continued accelerating, reaching speeds of approximately one hundred miles per hour and crossing the center line in sharp, blind turns. Mr. Rohrbaugh ultimately came to a stop, and the State Trooper searched the vehicle and arrested Mr. Rohrbaugh and his passenger.

1

The next day, the State Trooper filed a criminal complaint accusing Mr. Rohrbaugh of violating West Virginia Code § 61-5-17(f), fleeing from an officer with reckless indifference. The grand jury later returned a one-count indictment charging Mr. Rohrbaugh with violating West Virginia Code § 61-5-17(f). Mr. Rohrbaugh filed numerous pretrial motions, including motions to suppress the search of his vehicle and his statement and to prevent the State from disclosing, "in front of the jury," numerous circumstances relating to Mr. Rohrbaugh's status as a felon and circumstances of his arrest.

At the motions hearing, the prosecuting attorney informed the circuit court that Mr. Rohrbaugh's defense counsel had recently told him, "We're thinking about a bench trial." The prosecuting attorney then advised the circuit court, "I think we're here just to schedule a bench trial before you on a single charge." The court asked counsel about the estimated length of the trial, but did not directly address Mr. Rohrbaugh about either Mr. Rohrbaugh's desire for a bench trial or his right to a jury trial. After the hearing, the circuit court entered an order stating that "the [c]ourt was advised that [Mr. Rohrbaugh] wished to waive his right to a jury trial." The court then scheduled the bench trial.

On the day of the trial, the circuit court stated that "We're here for a bench trial, is my understanding." Defense counsel confirmed, responding "Yes, your honor." The prosecuting attorney notified the court that both parties were waiving opening and closing arguments. Defense counsel also reminded the court that Mr. Rohrbaugh had filed a motion

"to suppress the stop," and suggested that the parties address that issue when the State Trooper who stopped Mr. Rohrbaugh testified. The State Trooper testified, and then Mr. Rohrbaugh testified. The circuit court did not advise Mr. Rohrbaugh of any constitutional rights before he testified in his own defense. The State called the State Trooper again to testify on rebuttal. After the trial of less than one hour, the circuit court found Mr. Rohrbaugh guilty of the charged offense. Four days later, on June 13, 2022, the court entered a written order memorializing the bench trial and guilty verdict. The circuit court later sentenced Mr. Rohrbaugh to one to five years imprisonment, and he now appeals.

## II.

## STANDARD OF REVIEW

The circuit court's determination of whether a defendant's waiver of a jury trial was voluntary, knowing, and intelligent is a legal question reviewed de novo, while the circuit court's findings of fact are reviewed under the clearly erroneous standard. Syl. pt. 1, *State v. Redden*, 199 W. Va. 660, 487 S.E.2d 318 (1997).[1] Syllabus point 1 of *Redden* provides the following:

> A trial court's ultimate determination of the knowing, intelligent voluntariness of a criminal defendant's waiver of the

---

[1] Although Mr. Rohrbaugh did not object to the failure of the court to obtain a waiver of the jury trial, we need not reach plain error review in this case based upon the standard set forth in *State v. Redden*. Nonetheless, we have recognized that "even if error is invited, 'under Rule 23(a) the primary responsibility for protecting the right to trial by jury rests on trial judges and prosecutors.'" *Redden*, 199 W. Va. 660, 665, 487 S.E.2d 318,

3

constitutional right to a jury trial is upon review a legal question requiring independent appellate determination. In such a case, although appellate review of the trial court's ultimate determination is plenary and *de novo*, this Court will review specific findings of fact by the trial court which underlie its determination under the deferential "clearly erroneous" standard.

*Id.* Yet, if the trial court merely states that the waiver was knowing, intelligent, and voluntary, but "did not make specific factual findings going to the knowing, intelligent and voluntary nature of the appellant's jury trial waiver, we will uphold the trial court's determination 'only if a reasonable review of the evidence clearly supports [the trial court's determination.]'" *Id.* at 666, 487 S.E.2d at 324 (alteration in original) (quoting *State v. Farley*, 192 W. Va. 247, 254, 452 S.E.2d 50, 56-57 (1994)).

## III.

## DISCUSSION

We find that the trial court violated Mr. Rohrbaugh's constitutional right to a jury trial by proceeding with a bench trial without ensuring that Mr. Rohrbaugh waived his right to a jury trial voluntarily, knowingly, and intelligently. Because we determine his conviction and sentence should be vacated and remanded on that issue, we need not reach the issue of whether substantial evidence supported the conviction.

---

323 (1997) (quoting *United States v. Garrett*, 727 F.2d 1003, 1013 (1984), *aff'd*, 471 U.S. 773, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985), *superseded by statute as recognized in United States v. Christian*, 614 F. App'x 1001 (11th Cir. 2015)).

The right to a jury trial stems from the West Virginia and the United States Constitutions. Article III, section 14 of the West Virginia Constitution, entitled "Trials of Crimes – Provisions in Interest of Accused" provides:

> Trials of crimes, and of misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men,[2] public, without unreasonable delay, and in the county where the alleged offence was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county. In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witness against him, and shall have the assistance of counsel, and a reasonable time to prepare for his defence; and there shall be awarded to him compulsory process for obtaining witnesses in his favor.

Likewise, the Sixth Amendment of United States Constitution, through the Fourteenth Amendment, extends the guarantee of an impartial jury to defendants in "serious" state prosecutions. *See Duncan v. Louisiana*, 391 U.S. 145, 154, 88 S. Ct. 1444, 1450, 20 L. Ed. 2d 491 (1968) (noting that "the right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons within their jurisdiction").[3]

_____

[2] Article III, section 21 of the West Virginia Constitution provides that women are eligible for criminal jury service.

[3] The federal right to a jury trial reaches certain state defendants through the Fourteenth Amendment:

> Because we believe that trial by jury in criminal cases is fundamental to the American scheme of justice, we hold that the Fourteenth Amendment guarantees a right of jury trial in

5

This Court has recognized the constitutional right to a jury trial can only be waived voluntarily, knowingly, and intelligently. "Certain constitutional rights are so inherently personal and so tied to fundamental concepts of justice that their surrender by anyone other than the accused acting voluntarily, knowingly, and intelligently would call into question the fairness of a criminal trial." Syl. pt. 5, *State v. Neuman*, 179 W. Va. 580, 371 S.E.2d 77 (1988); *accord* Syl. pt. 2, *Redden*, 199 W. Va. 660, 487 S.E.2d 318. A defendant forsaking the fundamental right to a jury trial must make a *personal* voluntary, knowing, and intelligent waiver of that right, as this Court observed in Syllabus point 3 of *Redden*:

> The right to a jury trial is so fundamental that procedural safeguards must be employed, including making an appropriate record of any waiver of this right, to ensure that a defendant's waiver of the right was made personally, knowingly, intelligently and voluntarily. *State v. Neuman*, 179 W. Va. 580, 584, 371 S.E.2d 77, 81 (1988).[4]

199 W. Va. 660, 487 S.E.2d 318.

---

all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee.

*Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S. Ct. 1444, 1447, 20 L. Ed. 2d 491 (1968).

[4] The *Neuman* Court, in discussing whether a defendant validly waived his right to testify on his own behalf, recognized that the decision to testify was similar to the right to a jury trial. *State v. Neuman*, 179 W. Va. 580, 584, 371 S.E.2d 77, 81 (1988) (explaining that "the decision to testify [on] one's own behalf, like the right to determine what plea to enter, the right to a jury trial, the right to counsel, and the right to be present at trial, is so fundamental that procedural safeguards must be employed on the record to insure that the defendant's waiver of the right to testify was made voluntarily, knowingly,

Although Rule 23 of the West Virginia Rules of Criminal Procedure requires that a defendant waive his or her jury trial rights in writing "'with the approval of the court and the consent of the state,'" still, if the record "firmly establishes" that a defendant's waiver is voluntary, knowing, and intelligent, the absence of a written waiver and a subsequent bench trial will not constitute reversible error. *Redden*, 199 W. Va. at 669, 487 S.E.2d at 327 (quoting W. Va. R. Crim. P. 23(a)); [5] *see also* Syl. pt. 7, in part, *Redden*, 199 W. Va. 660, 487 S.E.2d 318 (acknowledging that "the failure to obtain a written waiver signed by the defendant does not in itself make the jury trial waiver invalid"). In Syllabus point seven, the *Redden* Court set forth the analysis we apply when, like here, a defendant challenges his or her waiver to a jury trial and the record does not contain a written waiver:

> [W]hen the record contains no written waiver of the right to a jury trial personally signed by the defendant, as required by *West Virginia Rule*[] *of Criminal Procedure* 23(a), and a defendant contends that he or she did not personally, knowingly, intelligently, and voluntarily waive the right to a jury trial, the jury trial waiver is valid only when the record

and intelligently"). While a defendant has a right *to* testify, a defendant has a right *not* to testify. *See* Syl. pt. 7, *id.* (noting that in addition to a trial court advising a defendant about his right to testify, a "defendant should also be advised that [the defendant] has a right not to testify and that if [the defendant] does not testify then the jury can be instructed about that right").

[5] West Virginia Rule of Criminal Procedure 23(a) states: "*Trial by Jury. —* Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state." The written waiver requirement notifies a defendant of "'the significance of the right relinquished'" and "'provide[s] evidence'" of a defendant's agreement to give up that right. *Redden*, 199 W. Va. at 669, 487 S.E.2d at 327 (quoting *United States v. Robertson*, 45 F.3d 1423, 1431 (10th Cir. 1995)).

> firmly establishes the defendant's personal, knowing, intelligent and voluntary waiver of the right to a jury trial.

Syl. pt. 7, in part, *Redden*, 199 W. Va. 660, 487 S.E.2d 318. In *Redden*, this Court determined that a colloquy on the record demonstrated that the defendant made a "knowing, intelligent and voluntary waiver of his right to a jury trial" without a written waiver, although the Court acknowledged Rule 23 required a written waiver. *Redden*, 199 W. Va. at 669-70, 487 S.E.2d at 327-28 (discussing W. Va. R. Crim. P. 23(a)); *see United States v. Carmenate*, 544 F.3d 105, 109 (2d Cir. 2008) (per curiam) (discussing writing requirement of similar Federal Rule of Criminal Procedure 23(a) and noting that "the absence of . . . a [defendant's] signature will not constitute reversible error where, as here, the record otherwise shows that defendant's waiver was knowing, voluntary, and intelligent," and collecting cases).

Here, Mr. Rohrbaugh contends that the record contains no evidence that he validly waived his right to a jury trial, and the trial court's finding that he "wished" to waive a jury trial has no support in the record, requiring this Court to vacate his conviction and remand his case for a new trial. We agree. When, like here, "the record contains no written waiver of the right to a jury trial personally signed by the defendant," and, also like here, "a defendant contends that he or she did not personally, knowingly, intelligently, and voluntarily waive the right to a jury trial," we look to the record. Syl. pt. 7, in part, *Redden*, 199 W. Va. 660, 487 S.E.2d 318. While his attorney agreed to the bench trial, the record reveals neither a written waiver nor a colloquy between the circuit court and Mr. Rohrbaugh

addressing his understanding of his right to a jury trial and waiver of that right. Furthermore, the circuit court failed to make any finding regarding whether Mr. Rohrbaugh's purported waiver of a jury trial was voluntary, knowing, and intelligent. Here, unlike *Redden*, the record fails to "firmly establish[]" any "knowing, intelligent[,] and voluntary waiver of the right to a jury trial," particularly as the record indicates that the circuit court neglected to determine whether Mr. Rohrbaugh *personally* desired to waive his right to a jury trial at all. *See id.*; *see also United States v. Robertson*, 45 F.3d 1423, 1432-33 (10th Cir. 1995) (reversing and remanding a conviction when the waiver lacked the signature of the defendant and the trial court "never inquired as to the circumstances surrounding the waiver and no discussion was ever held in the presence of [the defendant] regarding her decision to waive the right to trial by jury").

The State's primary argument—that the totality of the circumstances show Mr. Rohrbaugh voluntarily, knowingly, and intelligently waived his right to a jury trial—lacks merit. This contention regarding the totality of the circumstances relies on Syllabus point five of *Redden*, which states:

> Whether a criminal defendant's waiver of the right to a jury trial is personal, knowing, intelligent and voluntary is a matter to be determined by looking at the totality of the circumstances. In making such a determination, the fact that the defendant has personally executed a written document reflecting the waiver of the right to a jury trial, and the fact that the defendant had the advice of counsel at the time of waiver, are probative that the waiver was personal, knowing,

9

intelligent and voluntary—but they are not necessarily determinative.

199 W. Va. 660, 487 S.E.2d 318. The State sets forth the following factual allegations in support of its argument: Mr. Rohrbaugh had advice of counsel, knew about the motions in limine that mentioned preventing a *jury* from hearing evidence, was present when counsel discussed a bench trial with the circuit court, and actively participated by testifying at the trial. The State further contends that Mr. Rohrbaugh is "no stranger to the criminal justice system." While strategic reasons may exist where a defendant may prefer a bench trial rather than a jury trial, nonetheless, a defendant still must voluntarily, knowingly, and intelligently waive that "inherently personal" constitutional right. *See* Syl. pt. 5, in part, *Neuman*, 179 W. Va. 580, 371 S.E.2d 77; *accord* Syl. pt. 2, *Redden*, 199 W. Va. 660, 487 S.E.2d 318. Although Mr. Rohrbaugh's attorney submitted to the bench trial, and Mr. Rohrbaugh cooperated during the trial, nothing in the record indicates Mr. Rohrbaugh made or personally considered a waiver of his right to a jury trial, much less that the waiver was voluntary, knowing, and intelligent. We cannot accept the State's argument based on the totality of the circumstances in light of the facts before this Court, as it would "permit the waiver of a fundamental constitutional right based on nothing more than conjecture and speculation." *Robertson*, 45 F.3d at 1433. As the United States Tenth Circuit Court of Appeals explained, "[t]he right of trial by jury is one enjoyed by the people as well as defendants and courts should be hesitant to dispense with that right." *Id.*

The State also appears to urge the Court to adopt the reasoning set forth in *United States v. Garrett* and find Mr. Rohrbaugh consented to the waiver of his jury trial right, although there was no written waiver, because Mr. Rohrbaugh does not "assert[] he was unaware of his jury right or that he did not consent to its waiver." *See Garrett*, 727 F.2d 1003, 1012-13 (11th Cir. 1984), *aff'd*, 471 U.S. 773, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985), *superseded by statute as recognized in United States v. Christian*, 614 F. App'x 1001 (11th Cir. 2015). The *Garrett* court reasoned that, in circumstances where a defendant fails to sign a written waiver, a trial court proceeding with a bench trial should not be reversed when either a defendant's admission or the plain demonstration by the government shows "that at the time of the waiver the defendant was not ignorant of his jury right and consented to the waiver," as the defendant "invited or induced" the error. *Id.* at 1012.[6] Given the guidelines set forth in *Redden* concerning how to determine whether a defendant validly waived the right to a jury trial in the absence of a written waiver—by looking to the record to determine whether it "firmly establishes the defendant's personal, knowing, intelligent and voluntary waiver of the right"—we do not find the *Garrett* approach persuasive.[7] *See* Syl. pt. 7, in part, *Redden*, 199 W. Va. 660, 487 S.E.2d 318. As the court

---

[6] The *Garrett* court remanded the case back to the trial court for an evidentiary hearing to determine whether the defendant knew of his right to a jury trial and agreed to his counsel's waiver of that right. *Garrett*, 727 F.2d at 1013.

[7] At oral argument, the State suggested that this Court follow the memorandum decision in *State v. Scott K.*, No. 20-0545, 2022 WL 123425 (W. Va. Jan. 12, 2022) (memorandum decision), although the State did not cite this case in its brief. The procedural posture of *Scott K.*, which presented an appeal from the denial of an untimely

11

in *Garrett* recognized, and we reiterate, the jury trial right "'is a precious one.'" *Garrett*, 727 F.2d at 1013 (quoting *United States v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981)).

## IV.

## CONCLUSION

For the reasons stated above, this Court vacates Mr. Rohrbaugh's conviction and the September 22, 2022 order sentencing Mr. Rohrbaugh to one to five years of imprisonment and remands the case for further proceedings consistent with this opinion.

Vacated and remanded.

---

filed motion to dismiss, is not analogous to the present case and we do not find its analysis persuasive here.